## THE BELLEVILLE NAIL MILL COMPANY

*v.*

## TARLTON W. CHILES.

PRACTICE—*trial with demurrer undecided.* Where parties go to trial by consent, with a demurrer to a count of the declaration undecided, it will be no cause for the reversal of the judgment.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Mr. JAMES M. DILL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the St. Clair circuit court, brought by Tarlton W. Chiles against the Belleville Nail Mill Company, resulting in a verdict and judgment for the plaintiff. The defendant appeals, and assigns various errors, some of which, deemed of sufficient importance, will be noticed.

The case has been twice tried by jury. On the first trial, the verdict and judgment were for the defendant. On writ of error to this court by the plaintiff, the judgment was reversed, this court holding, there was an employment of the plaintiff by the defendant company, as a bookkeeper, for one year. This was the principal point in controversy in the case.

On the second trial, the same point was litigated before the jury, and on due consideration, they found for the plaintiff, and assessed his damages at seventeen hundred and seventy-five dollars, being the estimated value of his services for one year.

The testimony on this point does not differ materially from that contained in the previous record, and we can come to no other conclusion than the one before reached, that plaintiff was employed by the year, and the amount found is no more than adequate compensation for that time. We are of opinion the verdict is fully sustained by the evidence.

No objection is perceived to the instructions, the court having given all that were asked on either side, modifying those of the defendant, in unimportant particulars. No point is made upon them.

Some minor objections are made by appellant—one is, that it appears the action was commenced before the cause of action arose. This is set at rest by the supplemental record filed by appellee, that the action was commenced on the 17th of February, 1871, the date of the summons, and that was the commencement of the suit.

Another point made by appellant is, that a trial was had

on the issues of fact, a demurrer being at the time pending and undisposed of, to one count of the declaration.

The parties went to trial by consent, as the record shows, and the demurrer, being undecided, is no cause for the reversal of a judgment. *Parker* v. *Palmer,* 22 Ill. 489; *Davis* v. *Ransom,* 26 ib. 100.

These are all the points worthy of special notice, and affect, in no degree, the validity of the judgment, and it must be affirmed.

*Judgment affirmed.*