BIDWELL *et al.* v. SINCLAIR.

No 2180, Okla. T.    Opinion Filed January 13, 1909.

(99 Pac. 653.)

**APPEAL AND ERROR—Presentation and Reservation of Grounds of Review—Motion to Suppress Depositions.** There is no reversible error in the failure of a trial court to pass on a motion to suppress certain depositions, where the record does not affirmatively show that the motion was called to the attention of the court or that the depositions were introduced in evidence or used on the trial.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action by William T. Sinclair against F. A. Bidwell and others.    Judgment for plaintiff, and defendants bring error.    Affirmed.

*P. S. Nagle,* for plaintiffs in error.
*Noffsinger & Hinch,* for defendant in error.

DUNN, J.    This is an action brought in the district court of Kingfisher county for the purpose of securing judgment on a certain promissory note against F. A. Bidwell, T. J. Ferguson, W. C. Parks, H. L. Battin, J. M. Graham, A. M. Graham, Wm. Thompson, A. L. Shattuck, W. F. Foster, P. S. Carpenter, John P. Dunn, J. W. Rickford, John Jordan, and S. H. Halstead, as administratrix of the estate of W. R. Halstead, deceased.    After the issues were made, the plaintiff took certain depositions, which counsel for defendant in error filed a motion to suppress.    The record does not show that this motion was ever passed on.    Trial of the cause was duly had, and judgment rendered in favor of plaintiff on his evidence, and defendants began proceedings in error in the Supreme Court of the territory of Oklahoma to secure a reversal thereof, which are now before us for consideration by virtue of our succession to that court.

But one ground is relied on by plaintiff in error for a reversal of the judgment, and that is the failure of the court to pass upon the motion to suppress the depositions taken by plaintiff. Counsel for defendants in error in their brief insist that the depositions were not introduced in evidence or used on the trial, and by reason thereof there was no prejudice to the defendants in the failure of the court to pass upon their motion to suppress the same. The record in the case does not show that counsel for plaintiff in error called his motion to suppress the depositions to the attention of the court and asked for a ruling on the same.. In the absence of such action on his part, there was no error in the failure of the court to pass on his motion. This situation was, no doubt, brought about by the fact that the depositions were not read in evidence or used on trial. If counsel desired to predicate error upon the failure of the court to pass upon his motion, it should have been made to appear of record that he called the same to the attention of the court, that the court refused to pass upon it, and that the depositions taken were then used. Proper exceptions, timely taken, would have then preserved for the consideration of this court the question counsel now seeks to present.

The record discloses no error, and the judgment of the lower court is, accordingly, affirmed.

All the Justices concur.