## GETER *et al.* v. ULRICH.

No. 752.   Opinion Filed January 10, 1911.

1.   NEW TRIAL—Forcible Entry and Detainer—New Trial as Matter of Right.   The party against whom a judgment is rendered in a forcible entry and detainer case is not entitled to a new trial by the same court as a matter of right.

2.   APPEAL AND ERROR—Failure to Present and Reserve Grounds of Review.   The failure of the trial court to pass upon a motion filed by the losing party is not reversible error where the record does not affirmatively show that the motion was called to the attention of the court, that the court refused to pass upon it, and that an exception was taken to the ruling of the court.

3.   JUSTICES OF THE PEACE—Appeals—Preservation of Issues on Appeal.   On appeal from a justice of the peace to the county court every portion of plaintiff's cause of action which was in issue in the justice's court will remain in issue, although defendants do not file an answer or any new or amended pleadings.

(Syllabus by the Court.)

*Error from Okmulgee County Court; M. M. Alexander, Judge.*

Action by Charles E. Ulrich against Daniel Geter and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Herbert E. Smith* and *Frank F. Lamb,* for plaintiffs in error. *William M. Matthews,* for defendant in error.

KANE, J.   This was an action of forcible entry and detainer, commenced before a justice of the peace, from whose judgment the aggrieved party appealed to the county court of Okmulgee county.   On a trial *de novo* in that court there was judgment for plaintiff, to reverse which this proceeding in error was commenced. The grounds upon which counsel for plaintiff in error contend they are entitled to a reversal of the judgment of the court below are:   (1) That they are entitled to a new trial as a matter of right under section 4792 of Wilson's Oklahoma Statutes, which provides that:

"In an action for the recovery of real property, the party against whom the judgment is rendered may at any time during the term at which the judgment is rendered demand another trial by notice on the journal, and thereupon the judgment shall be vacated and the action shall stand for trial at the next term."

(2) That it was error for the court below to fail to pass upon a certain motion filed by the defendants asking leave to file their answer.   (3) That said cause was not at issue when the same was called for trial in the court below, and it was error for the court to proceed to trial when the cause was pending upon an issue of law.   We do not believe any of these assignments are well taken.   The statute referred to has no application to forcible entry and detainer cases.   In that class of cases there is only one way that the losing party may have a new trial as a matter of right, and that is by appealing to the county court where the statute provides for a trial *de novo.*   The party against whom a judgment is rendered in a forcible entry and detainer case is not entitled to a new trial by the same court as a matter of right.

On the second proposition, it does not appear that the defendants asked the court to pass upon their motion.   There was a similar question raised in *Bidwell v. Sinclair,* 23 Okla. 54, where it was held:

"There is no reversible error in the failure of a trial court to pass on a motion to suppress certain depositions, where the record does not affirmatively show that the motion was called to the attention of the court or that the depositions were introduced in evidence or used on the trial."

In the opinion it is said:

"If counsel desired to predicate error upon the failure of the court to pass upon his motion, it should have been made to appear of record that he called the same to the attention of the court, that the court refused to pass upon it, and that the depositions taken were then used. Proper exceptions, timely taken, would have then preserved for the consideration of this court the question counsel now seeks to present."

On the third proposition, the principal ground of complaint seems to be that, on account of the case being called for trial when an issue of law was pending undisposed of, counsel were unexpectedly called upon to try the case when they were not ready. Aside from the rule that cases appealed from justices' courts to the county courts and tried *de novo* are always at issue, it appears from the record that counsel for defendants were offered ample opportunity by the court below to make whatever showing they wished in regard to their unpreparedness to go to trial, and failed to avail themselves of the opportunity. In *Stanley v. Farmers Bank,* 17 Kan, 592, speaking of the issues on appeal from judgments of justices of the peace, the court said:

"Every portion of plaintiff's cause of action which was previously in issue will remain in issue, although defendants may not file any new or amended pleadings."

Finding no reversible error in the record, the judgment of the court below must be affirmed.

DUNN, C. J., and HAYES and TURNER, JJ., concur; WILLIAMS, J., not participating.