## PERKINS v. PERKINS.

No. 2367.   Opinion Filed February 11, 1913.

Rehearing Denied June 20, 1913.

(132 Pac. 1097.)

1. **APPEAL AND ERROR—Assignment of Error—Denial of New Trial.** Where plaintiff in error fails to assign as error, in her petition in error, the overruling of a motion for a new trial, no question which seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court, and such alleged errors cannot, therefore, be reviewed.

2. **SAME—Demurrer—Waiver.** A demurrer to a pleading will be deemed waived, where the record on appeal does not show that it was called to the attention of the trial court, and there ruled upon.

3. **SAME—Presentation Below—Demurrer to Pleading.** Where parties go to trial by consent, with a demurrer to a paragraph of a cross-bill undecided, it will be no cause for reversal of the judgment.

(Syllabus by Sharp, C.)

*Error from Superior Court, Pittsburg County;*
*P. D. Brewer, Judge.*

Action for divorce by Beulah M. Perkins against Lee Perkins. From a decree for defendant on his cross-bill, plaintiff brings error. Affirmed.

*Arnote & Rogers,* for plaintiff in error.
*Walker & Fancher* and *A. S. McKennon,* for defendant in error.

Opinion by SHARP, C. The errors assigned by plaintiff in error in her petition in error do not include the action of the trial court in overruling the plaintiff's motion for a new trial, and therefore all of the errors assigned that occurred during the trial cannot be considered, according to the many decisions of this court. *St. Louis, I. M. & S. Ry. Co. v. Dyer,*

36 Okla. 112, 128 Pac. 265, and authorities cited. In the above case it was said:

"Motion for new trial was filed and overruled, to which defendant excepted. But the action of the court in overruling said motion for a new trial has not been assigned as error in plaintiff in error's petition in error in this court, and therefore none of the matters urged in its brief can be considered. All of the errors assigned are those occurring during the trial, and, where appellant fails to assign as error the overruling of its motion for new trial in its petition in error, no question which seeks to review errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court."

The only question, therefore, for our consideration, under the rule announced, is the second assignment of error, which charges that the court erred in overruling the plaintiff's demurrer to the defendant's amended answer or cross-petition. From a careful examination of the record we fail to find that this demurrer was ever acted upon by the court, or that the court's attention was called to it. On the contrary, it appears that the case being called for trial September 29, 1910, both plaintiff and defendant appeared in person and by their respective attorneys, and announced ready for trial; and that thereupon the testimony of the witnesses was taken wihout objection, and the trial proceeded with to a conclusion. Where, after a demurrer is filed, the parties proceed to trial on the merits without insisting on the disposition of the demurrer, it will be presumed to have been waived, and it cannot be objected in an appellate court that it was not formally disposed of, for, unless there is a ruling by the court, there can be no predicate for an assignment of error. The rule is a very general one, and has been followed by this court in *Weaver v. Kuchler et al.*, 17 Okla. 189, 87 Pac. 600; *Bidwell et al. v. Sinclair*, 23 Okla. 54, 99 Pac. 653; *Geter et al. v. Ulrich*, 27 Okla. 725, 113 Pac. 713.

This rule is in harmony with the following decisions: *Marcy v. Howard*, 91 Ala. 133, 8 South. 566; *Steed v. Knowles*, 97 Ala. 573, 12 South. 75; *Coffman v. Williams*, 4 Heisk. (Tenn.) 233; *Youngstown Bridge Co. v. Barnes*, 98 Tenn. 401,

39 S. W. 714; *Davis v. Ransom et al.,* 26 Ill. 100; *Belleville Nail Mill Co. v. Chiles,* 78 Ill. 14; *Chambers v. Ker et al.,* 6 Tex. Civ. App. 373, 24. S. W. 1118; *Western Union Telegraph Co. v. Stratton* (Tex. Civ. App.) 28 S. W. 700.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.