## PHILIP CAREY CO. v. VICKERS.

No. 7793. Opinion Filed February 8, 1916.

Rehearing Denied May 9, 1916.

(157 Pac. 299.)

1. **APPEAL AND ERROR—Transfer of Cause—Time for Taking Proceedings.** An order granting a new trial upon a petition therefor, under section 5037, Rev. Laws 1910, upon the ground of newly discovered evidence, from which an appeal was perfected, and which was reversed, does not operate to prevent an appeal from an order overruling a motion for new trial upon the ground of alleged errors occurring at and during the progress of the trial, nor to suspend the time during which such proceedings should be commenced.

2. **SAME.** Where petition in error is not filed in the Supreme Court within the time allowed by law, the filing thereof confers no jurisdiction on the Supreme Court, and same will be dismissed.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by Arthur A. Vickers against the Philip Carey Company. From the judgment, the Philip Carey Company brings error. Dismissed.

*Keaton, Wells & Johnston* and *Ames, Chambers, Lowe & Richardson,* for plaintiff in error.

*John R. Guyer* and *R. A. Rogers,* for defendant in error.

HARDY, J. Verdict was originally returned in this case on October 25, 1913. Motion for new trial was duly filed and overruled on December 24, 1913, upon which date judgment was rendered upon the verdict. At the time of overruling the motion for new trial the court granted an extension of time in which to make and serve a case-made,

and by subsequent orders extended the time to June 5, 1914, allowing defendant in error ten days after the date of service in which to suggest amendments, and requiring three days' notice of the time and place of settlement. Case-made was served on the attorney for defendant in error on June 2, 1914, and acknowledgment of service indorsed thereon. On January 30, 1914, plaintiff in error filed its petition for a new trial, under the provisions of section 5037, Rev. Laws 1910, which on June 11, 1914, was sustained, and the verdict and judgment set aside. From this order defendant in error appealed to this court, and on July 13, 1915, an opinion was rendered reversing said order, and petition for rehearing was denied October 14, 1915, and thereafter mandate was issued, and on October 18, 1915, was filed in the trial court commanding that court to set aside the order rendered on the petition for new trial and to reinstate the original judgment. On October 19, 1915, notice was served on defendant in error that case-made would be presented for settlement on October 23, 1915, upon which date same was settled, and thereafter filed in this court October 29, 1915. Defendant in error files motion to dismiss on the ground that case-made was not signed and settled within six months from the date of the order appealed from, nor filed in this court in said time. The petition in error assigns as error the action of the court in overruling the motion of plaintiff in error for a new trial, and also assigns other rulings of the court occurring at and during the progress of the trial. In its order of June 11, 1914, sustaining the petition for a new trial the court set aside the verdict and the judgment rendered thereon on the ground of newly discovered evidence, which was upon grounds occurring subsequent to the trial and to the date of the judgment, but

said order did not undertake to pass upon any of the questions involved in the motion for a new trial which are assigned as error in the present proceeding.

It is a rule so firmly established in this state as to need no citation of authorities in support thereof that a petition in error which is not filed in this court within the time allowed by law confers no jurisdiction upon this court, and the proceeding will be dismissed.

Plaintiff in error, however, says that because on June 11, 1914, the trial court sustained its petition for a new trial, the time intervening between the date thereof and the filing of the mandate in the lower court should be deducted from the time in which it was allowed to prosecute its appeal from the order overruling the motion for a new trial. This contention cannot be sustained. The proceedings on the motion for a new trial and on the petition for a new trial are separate and distinct and present separate issues. *Pierce et al. v. Birkholm et al.,* 110 Cal. 669, 43 Pac. 205; *Henry v. Merguire,* 111 Cal. 1, 43 Pac. 387; *Mountain Tunnel, etc., Co. v. Bryan et al.,* 111 Cal. 36, 43 Pac. 410; *Etchas v. Orena,* 121 Cal. 270, 53 Pac. 798. The issues on the motion for a new trial relate to rulings of the court made at and during the progress of the trial, and in order to have them reviewed it is necessary that a motion for new trial be presented to the trial court, and error assigned upon the order overruling the same. *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *St. L., I. M. & S. Ry. Co. v. Dyer,* 36 Okla. 112, 128 Pac. 265; *Perkins v. Perkins,* 37 Okla. 693, 132 Pac. 1097; *Board Co. Com'rs of Beaver County v. Langston et al.,* 41 Okla. 715, 139 Pac. 956.

The petition for new trial upon grounds of newly discovered evidence presented only matters occurring subsequent to the trial and the rendition of the judgment, and did not affect proceedings occurring at the trial which were presented by the motion. When the court sustained the plaintiff in error's petition for a new trial and set aside the verdict and judgment, he did not set aside the order overruling the motion for a new trial, nor re-examine any of the alleged errors presented thereby which occurred during the progress of the trial. These matters were not involved.

An appeal will lie from an order overruling a motion for a new trial, even though no judgment be entered thereon. *Roof et al. v. Franks,* 26 Okla. 392, 110 Pac. 1098; *Phillips v. Oliver, ante,* p. 168, 155 Pac. 586. Though an appeal be prosecuted from an order overruling a motion for a new trial, the pendency of such an appeal would not bar a petition for a new trial addressed to the trial court upon the ground of newly discovered evidence, and, should such petition be presented and denied, an appeal might be prosecuted from the order thereon, and both appeals be pending at the same time, and each would present separate and distinct matters for review in the appellate court; and, should the appeal from the order overruling the motion for a new trial be affirmed, the decision would not be conclusive upon the appeal from the order denying the petition for a new trial, and the order appealed from in the latter instance might be reversed, and a new trial awarded upon the ground of newly discovered evidence, even though the proceedings occurring at the trial should be held free from error.

So, should the petition for a new trial be granted by the trial court, the plaintiff in the judgment could prose-

cute an appeal therefrom, and this appeal might also be pending while defendant's appeal from the order overruling the motion for a new trial was undisposed of; and, should the order granting a new trial upon the grounds of newly discovered evidence be reversed prior to the disposition of the appeal from the order overruling the motion, this would not preclude the court from reversing the case and granting a new trial for errors occurring at and during the progress of the trial. If it were not so, a decision in either case would be a bar to proceedings in the other, and a defeated litigant would have only one remedy. As it is, he may pursue either or both of these remedies. In the case at bar the plaintiff in error, although filing a motion for a new trial and serving its case-made within due time, chose to rely upon the order sustaining the petition for a new trial, and abandoned the proceedings upon its motion for a new trial, and, having elected to stake all its chances upon the order sustaining the petition for a new trial, cannot now say that it still has the right of appeal from the order denying the motion. The statute has fixed the time within which the petition in error must be filed, and, the right to prosecute an appeal from the order overruling the motion not having been suspended, but at all times having existed, the court is without authority to extend the time, and therefore is without jurisdiction to hear and determine the appeal.

Decisions apparently holding contrary to the views herein expressed are from states where an appeal does not lie from an order overruling a motion for new trial, but only from the final order or judgment in the case, or are in cases where the order granting a new trial had

become final by reason of failure to appeal therefrom, or had been affirmed on appeal.

The motion to dismiss is sustained, and the cause dismissed.

KANE, C. J., and TURNER, J., concur.   SHARP and THACKER, JJ., concur in conclusion.