## BANKSTON v. AUTOMOBILE SALES CO.

No. 14443—Opinion Filed Nov. 23, 1926.

(Syllabus.)

**Judgment—Default Judgment for Plaintiff in Replevin Action Properly Set Aside Where no Reply to Answer Seeking Affirmative Relief.**

Where the plaintiff files an action of replevin, and the defendant files a verified answer, which answer sets forth facts not only sufficient to defeat the plaintiff's right of recovery, but in addition thereto states facts which if established by evidence would entitle the defendant to recover a judgment for money against the plaintiff, and the plaintiff fails to file a reply to said answer, the court, under said status of the pleadings, is wholly without authority to render a default judgment against such defendant, and in the event such judgment is rendered and the court thereafter, under proper showing, sets the same aside, its action thereon does not constitute error.

Error from District Court, Tulsa County; Valjean Biddison. Judge.

Action by J. H. Bankston against the Automobile Sales Company. Default judgment for plaintiff set aside upon petition of defendant, and plaintiff brings error. Affirmed.

H. B. Martin and R. A. Reynolds, for plaintiff in error.

Davidson & Williams, for defendant in error.

LESTER, J. The plaintiff in error was plaintiff in the district court.

On the 6th day of November, 1915, the plaintiff brought suit against the defendant for the possession of an automobile. On December 1, 1915, the defendant filed its answer in said cause, which answer alleged that the defendant held said car by reason of a lien thereon in favor of the defendant for work and labor on said car performed by the defendant and also certain charges for storage. The defendant in its answer further alleged that there was due an unpaid sum of $123.71 for said work, labor, and storage. and it is asked that it be given judgment for said amount against said plain-

tiff, together with interest thereon, and also an attorneys' fee of $50. The defendant's answer was verified. The plaintiff did not file a reply to said answer. No other pleading was filed by the parties to said action.

Thereafter, on the 29th day of May, 1918, the court rendered a default judgment in favor of plaintiff and against the defendant, which judgment decreed that the plaintiff recover from the possession of the defendant the automobile mentioned in plaintiff's petition and also $150 as damages for its wrongful detention.

Defendant, on the 26th day of November, 1918, filed in said cause its petition to vacate said judgment, and thereafter the defendant filed an amended petition in said action. To the amended petition of the defendant, the plaintiff filed his answer in the form of a general denial.

Thereafter, on the 26th day of June, 1922, said cause came on for hearing on said amended petition of the defendant and answer of the plaintiff thereto, and upon the issues raised by the said pleadings the court entered its judgment setting aside its former decree and judgment. and the plaintiff prosecutes this appeal to reverse the action of the court in setting aside the former judgment of the court.

The court, in its judgment in setting aside its default judgment, found in part:

"The court further finds that at the t'me said cause was tried and said judgment rendered on the 29th day of May, 1918 the plaintiff had failed to file a reply to said answer, that said cause was tried in the absence of the plaintiff, and that there was no issue of fact before the court for trial on said date, and that the judgment entered in said cause on said 29th day of May, 1918, in favor of the plaintiff and against the defendant is void, and should be set aside, and held for naught, to all of which the plaintiff objects and excepts."

Upon examination of defendant's pleadings prior to and at the time the default judgment was rendered against it, the defendant not only set up a defense to the plaintiff's cause of action, but pleaded affirmative matter; which, if true, would not only defeat the plaintiff's right of possession to the car, but entitle the defendant to an affirmative judgment against the plaintiff. The answer of the defendant was verified.

While it is true. in a replevin action, the defendant may file a general denial and under which the defendant may introduce any evidence to defeat the plaintiff's right to recover yet, in the instant case, the defendant went further and pleaded a state of

facts which, if proven, would not only defeat the plaintiff's right of recovery, but entitle the defendant to recover certain sums of money from the plaintiff and to have a lien declared upon the property of the plaintiff, which was the subject of the action.

The plaintiff insists that the answer of the defendant constituted a general denial only, and that it was not necessary that plaintiff file a reply. To this theory, we cannot agree.

Section 273, C. O. S. 1921, sets forth what the answer shall contain, which is as follows:

"The answer shall contain:

"First. A general or specific denial of each material allegation of the petition controverted by the defendant.

"Second. A statement of any new matter constituting a defense, counterclaim, or set-off, or right to relief concerning the subject of the action, in ordinary and concise language, and without repetition.

"Third. When relief is sought, the nature of the relief to which the defendant supposes himself entitled. The defendant may set forth, in his answer. as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both. Each must be separately stated and numbered, and they must refer, in an intelligible manner, to the causes of action which they are intended to answer."

As we view the status of the pleadings at the time the default judgment was rendered by the court in favor of the plaintiff and against the defendant, the court was wholly without authority to render such judgment, for the reason that the defendant had filed a verified answer in which it stated facts not only sufficient to defeat the plaintiff's right of recovery against the defendant, but it had, in addition thereto, stated facts which, if established, would entitle the defendant to a judgment for money against the plaintiff, together with a lien on the property in question to satisfy such judgment. To this answer, the plaintiff failed to file a reply, and at the time the default judgment was rendered by the court. the plaintiff himself had long been in default by reason of his failure to file a reply to the defendant's answer.

We think the action of the court thereafterwards in setting aside its former judgment against the defendant was correct.

The judgment is affirmed.

NICHOLSON. C. J.. BRANSON, V. C. J., and MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 34 C. J. p. 154, §363 (Anno) ; p. 423, §674.