## TIPPINS et al. v. TURBEN.

No. 21562. Opinion Filed Feb. 28, 1933.

As originally instituted, the suit was based upon a promissory note and was filed by the plaintiff, I. E. Turben, against C. S. Tippins. Plaintiff procured an order of attachment and attached a cotton crop which he alleged was the property of defendant. Thereafter the attachment was sustained as to defendant; in the meantime, however, a plea in intervention was filed by permission of the court, in behalf of one Clarence Bruner, a nephew of the defendant Tippins, wherein he claimed to be the owner of 12 acres of the crop which had been attached, and alleged damages incurred by said attachment in the sum of $660 by reason of loss of cotton, and, as a second cause of action, he charged plaintiff with willful, oppressive, and malicious conduct, and claimed exemplary damages in the sum of $2,000 in addition to the sum of $660 as actual damages.

It is shown that plaintiff was allowed 20 days by the court to file answer to the plea of intervention, but, instead of filing an answer, he filed a motion to make more definite and certain; that immediately the intervener filed a motion for judgment on the pleadings, which was sustained and judgment entered upon the pleadings in favor of the intervener against the plaintiff in the sum of $2,660, being the full amount prayed for in said petition in intervention, including actual and exemplary damages.

Plaintiff then filed a motion to vacate the judgment for the reason that the same was procured without any evidence. This motion was later overruled by the court, and the plaintiff gave notice of appeal to the Supreme Court, and took time in which to make a case-made and to file supersedeas bond. The final order overruling the motion was made on February 13, 1929, and, on February 25, 1929, the court allowed ten days' additional in which to file supersedeas bond.

The record further shows that on the 25th day of March, 1929, the plaintiff filed a petition to vacate the judgment, attaching thereto all of the pleadings and orders theretofore made by the court, and in answer to the petition in intervention, and caused a summons to be served on the intervener, Bruner. It appears that the petition was heard by District Judge E. L. Richardson, while previous orders were made by Judge Will Linn. Under the answer of plaintiff to the plea in intervention a large number of witnesses were introduced

Morris & Wilhite, for plaintiffs in error.

Stevens & Cline, for defendant in error.

OSBORN, J. This is an appeal from the district court of Caddo county, and involves an order vacating a judgment of said court.

and testified at the hearing, after which Judge Richardson made extended findings of fact and conclusions of law and vacated the judgment against plaintiff and in favor of intervener.

The record shows that, on the 6th day of March, 1929, the intervener assigned his judgment against plaintiff to the defendant O. S. Tippins. Tippins and Bruner have lodged this appeal from the order vacating the judgment. They will hereinafter be referred to as interveners, and the defendant in error, Turben, will be referred to as plaintiff, as they appeared in the trial court.

Plaintiff contends that the judgment rendered in favor of the intervener is void for the reason that the court exceeded its power in rendering a judgment for unliquidated and exemplary damages without evidence, and at a time when a pleading was on file and undisposed of, raising a question of law.

It is apparent that the trial court ignored the motion of plaintiff to make the petition in intervention more definite and certain by reason of the court's previous order that plaintiff file an answer, and that in rendering judgment on the pleadings, the court treated the cause as being in default, notwithstanding said motion.

In the case of Oklahoma State Bank v. Buzzard, 61 Okla. 88, 160 P. 462, this court held:

"There can be no judgment by default where there is on file an answer or other pleading raising an issue of law or fact."

In the case of St. L. & S. F. Ry. Co. v. Zumwalt, 31 Okla. 159, 120 P. 640, this court held:

"If the action is in tort, or upon an unliquidated claim or demand, a default admits plaintiff's right to recover, but not the amount to which he is entitled."

In the case of Bankston v. Automobile Sales Co., 122 Okla. 67, 251 P. 33, this court held:

"Where the plaintiff files an action of replevin, and the defendant files a verified answer, which answer sets forth facts not only sufficient to defeat the plaintiff's right of recovery, but in addition thereto states facts which, if established by evidence, would entitle the defendant to recover a judgment for money against the plaintiff, and the plaintiff fails to file a reply to said answer, the court, under said status of the pleadings, is wholly without authority to render a default judgment against such de-

fendant, and, in the event such judgment is rendered and the court thereafter under proper showing, sets the same aside, its action thereon does not constitute error."

Under the specific terms of section 5975, C. O. S. 1921, before exemplary damages are authorized, there must be a finding that the person against whom such damages are assessed "has been guilty of oppression, fraud, or malice, actual or presumed." This statute is penal in its nature, and must be strictly construed. In order to justify such punishment, there must be a finding of guilt. In the instant case the plaintiff did not plead guilty, nor was evidence offered to prove his guilt. The court, without evidence, declared him guilty, without an opportunity to be heard, and assessed against him, without evidence, the maximum penalty claimed by intervener.

In the instant case the court had jurisdiction of the parties and of the subject-matter, but a further prerequisite essential in all judgments is lacking, the power to render the particular judgment. By the express provisions of section 240, O. S. 1931: "Allegations of value, or of amount of damages, shall not be considered as true, by failure to controvert them." Cudd v. Farmers' Exchange Bank of Lindsay, 76 Okla. 317, 185 P. 521; A., T. & S. F. Ry. Co. v. Lambert, 31 Okla. 300, 121 P. 654. This is a limitation on the power of the court to render the particular judgment, and even though the pleading of plaintiff be ignored as unauthorized, the court cannot ignore the statutory limitations restricting his power to act.

In the case of Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914, the Supreme Court of the United States said:

"Though the court may possess jurisdiction of a cause, of the subject-matter and of the parties, it is still limited in its modes of procedure and in the extent and character of its judgments. It must act judicially in all things, and cannot then transcend the power conferred by the law."

See Oklahoma City v. Corporation Commission, 80 Okla. 194, 195 P. 498; Morgan v. Karcher, 81 Okla. 210, 197 P. 433; Roth v. Union National Bank, 58 Okla. 604, 160 P. 505; Jackson v. Carroll, 86 Okla. 230, 207 P. 735; Ward v. Cook, 152 Okla. 234, 3 P. (2d) 728; In re Sims' Estate, 162 Okla. 35, 18 P. (2d) 1077.

It is clear that such judgment was be-

yond the power of the trial court, and that from an inspection of the judgment roll, it was wholly void.

Section 563, O. S. 1931, provides that a void judgment may be vacated at any time on motion of a party or any person affected thereby. Pettis v. Johnston, 78 Okla. 277, 190 P. 681; LeClair v. Calls Him, 106 Okla. 247, 233 P. 1087.

At the same term the attorney representing the plaintiff, although without plaintiff's knowledge, filed a motion to vacate said judgment for the reason that same was rendered without the introduction of evidence. This motion was sufficient to bring the same within the third subdivision of section 556, O. S. 1931. The motion came on for hearing before Judge Linn, as trial judge, and was overruled, and notice of appeal was given, and an extension of time was granted to file supersedeas bond and to serve case-made, but no appeal was perfected therefrom. Thereafter, and on March 25, 1929, a petition to vacate said judgment was filed, based upon the fourth and seventh grounds enumerated in section 556, supra.

It is contended by the interveners that, no appeal having been perfected from the order denying said motion to vacate, the order denying said motion became res adjudicata as to all defects inhering in said judgment, and that the court had no further jurisdiction or control over said judgment.

On the hearing of the petition to vacate, at which the evidence introduced was voluminous, the court made extensive findings of fact and conclusions of law. He found the judgment was procured by fraud, practiced by the intervener and defendant on the plaintiff and the court; that the intervener never at any time owned an interest in the crop attached and that the defendant and intervener conspired to cheat and defraud plaintiff, in that intervener's claim of ownership of the crop was false and was made upon solicitation and procurement of the defendant. The court further found that the judgment was obtained against plaintiff by reason of unavoidable casualty and misfortune in preventing plaintiff from defending said action in that the plaintiff lived at Lawton, while the cause was pending in the court at Anadarko, and that plaintiff relied upon an attorney whom he had employed to represent him who lived at Anadarko; that said attorney, during the time that said transactions relating to said judgment and to the motion to vacate same were transpiring, had a series of accidents, sickness, and other misfortune in his immediate family, and that by reason thereof said attorney was mentally so worried and engrossed in his personal misfortunes that he was mentally incapable of properly handling the interests of the plaintiff; that the plaintiff was without information as to this condition, or as to the status of said cause, and that plaintiff was in no wise personally negligent, but relied, and had a right to rely, upon the competency, qualification, and ability of his attorney at Anadarko. In the language of the trial court, the attorney at Anadarko "badly butchered the case."

It further appears from the record and the finding of fact that the intervener, for a vague and indefinite consideration, on the 6th day of March, 1929, assigned his judgment against plaintiff to the defendant Tippins, and this, in connection with all the other evidence, lends strength to the finding of the court that there was a collusive conspiracy existing between intervener and defendant.

We have carefully reviewed the record in this case, and we feel that the findings of the trial court on the petition to vacate are amply supported by the evidence.

The district court is given power to vacate or modify its own judgments or orders, at or after the term at which they were rendered. Sections 556, 557, 558, O. S. 1931, set forth the grounds upon which a judgment may be vacated and the procedure to be followed. These portions of the statutes which are applicable herein are set forth as follows:

Sec. 556. "The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made. * * *

"Third. For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order.

"Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order. * * *

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

Sec. 557. "The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

140

Sec. 558. "The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions 4, 5, 6, 7, 8 and 9, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

The first application filed by plaintiff to vacate is based upon the third subdivision of section 556, and was properly presented by motion filed at the same term.

In the petition to vacate, filed by plaintiff, the third, fourth and seventh subdivisions of section 556 are relied upon. These were properly presented by the petition. Under our statutes it is clear that the proceeding to vacate must be either by motion or by petition, depending upon the grounds upon which relief is sought, and that these are distinct and separate remedies applying to the different grounds specified by the subdivisions of the statutes. To say a proceeding on motion based on one ground would estop the plaintiff from proceeding by petition on other grounds would be to deny to plaintiff the right to take advantage of the plain provisions of the statutes. It is clear that the grounds mentioned in subdivisions 4 and 7 of section 556 could not be raised by motion and could not have been presented to the court prior to the filing of the petition, and therefore could not have become res adjudicata.

The interveners have cited a number of authorities, including the case of Brett v. Fielder, 136 Okla. 222, 277 P. 216, which holds that in passing on a motion to vacate judgment the decision of the court thereon is final and res adjudicata as to all questions which are put in issue by said motion and as to all material questions which might properly have been in issue. Since the matters raised in the petition to vacate could not have been put in issue by the motion to vacate, this case is not controlling herein. This distinction also applies to the authorities from the other states relied upon by interveners.

But we do not find it necessary to rest the decision of this case solely upon the above principles. The petition to vacate the judgment was based upon fraud of the prevailing party, and unavoidable casualty and misfortune, in addition to the irregularity in obtaining said judgment. The court found in favor of plaintiff on both the issue

of fraud and unavoidable casualty and misfortune, and if the judgment should have been vacated on either of these grounds, the judgment of the trial court is not erroneous. We do not find it necessary to enter into a careful consideration as to whether or not the fraud alleged is extrinsic fraud. The court, in rendering judgment on the pleadings, obviated any necessity for a determination of this question by failing to hear evidence, and by rendering judgment on the unverified and unsupported pleading of the intervener.

However, in the case of El Reno Mutual Fire Insurance Co. v. Sutton, 41 Okla. 297, 137 P. 700, it is said:

"The obtaining of a judgment by willful and corrupt perjury is obtaining it by fraud within the meaning of subdivision 4, sec. 5267, Rev. Laws 1910."

This case has been cited and followed, distinguished and criticized, in numerous opinions of this court, which we do not deem it necessary to review. The merit of intervener's claim was a proper subject of investigation by the court on the petition to vacate in order for the court to determine whether plaintiff presented a proper defense, and, treating the finding of the court only as applying to the validity of the defense, the court found the issues on that contention in favor of plaintiff.

But the court found also that the plaintiff by unavoidable casualty and misfortune had been prevented from presenting his defense to intervener's claim, and bases said finding upon the inability of plaintiff's attorney, by reason of personal misfortune, from properly representing the interests of plaintiff.

In the case of Anderson v. Graham, 87 Okla. 278, 210 P. 281, this court said:

"In the case of McLaughlin et al. v. Nettleton et al. (69 Okla. 74) 183 P. 416, this court reversed the judgment of the trial court refusing to vacate a judgment under section 5267, Revised Laws 1910, on the ground of unavoidable casualty preventing the defendants from defending where the defendants' attorneys, in the absence of the defendants, had withdrawn from the case without notice to the defendants. While the attorney for the defendant in this cause did not abandon the case, it is evident from the evidence found in the record, that the defendant by reason of the neglect of his attorney or by reason of an unavoidable misapprehension as to the date on which the cause was set for trial, has not had his day in court. This court in the case of Mc-

Laughlin v. Nettleton, supra, uses this language:

" 'The unquestionable weight of authority is that, when an attorney has been employed to conduct legal proceedings, he undertakes to conduct them to their determination, and cannot abandon the services of his clients without excuse and upon reasonable notice. The evidence in this case shows that there was no notice given plaintiffs that their local counsel intended to abandon the cause, or terminate his services, or that he had done so, and while we are loath to disturb this verdict, on account of the fact that this is the second proceeding of this kind in this cause, nevertheless, we are constrained to believe that, if this judgment should stand, it would have the effect of denying litigants their day in court and arouse an unjust resentment against the approval procedure in our tribunals of justice. It is the policy of the law and courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause, free from technical pitfalls.'

"It appears to us that the better rule in this class of cases is that a party may be held excusable for relying upon the diligence of counsel, when it clearly appears that the party himself has not been neglectful and has given all proper attention to the litigation."

We think this language is especially applicable to the record in this case. To permit this judgment to stand would be a reproach upon courts of justice. The technical rules of procedure and the rules of estoppel and finality of decisions must not be so applied as to work injustice instead of furthering the ends of justice. They must not be used as snares to entrap the unwary feet of the deserving litigant, who relies, and has a right to rely, in the absence of notice, upon the diligent and proper representation of his interests by authorized officers of the court.

Attorneys for interveners state in their brief that in their opinion the judgment for $2,000, as exemplary damages, is excessive, and they offer to remit $1,500 of said sum. But under the record in this case we believe the judgment is wholly unwarranted, and the same having been vacated, and such vacation being within the sound judicial discretion of the trial court, this court will not reverse the action of the trial court except where the record discloses a clear abuse of said discretion. Mid-West Fruit Co. v. Davis, 104 Okla. 254, 231 P. 208; Bennett & Co. v. Lafayette, 133 Okla. 233, 271 P. 248; Lott v. Kansas Osage Gas Co., 139 Okla. 6, 281 P. 297; Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632.

The judgment of the trial court in vacating said judgment is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and BUSBY, JJ., concur. McNEILL and WELCH, JJ., concur in conclusion. ANDREWS and BAYLESS, JJ., absent.