Leonard E. GRAVES, Appellee,

v.

Richard T. WALTERS, aka Dick Walters, d/b/a Variety Motors and Financing and Michael Lynn Harrell, Appellants.

No. 47609.

Court of Appeals of Oklahoma,
Division No. 2.

April 1, 1975.

Released for Publication by Order of Court of Appeals April 24, 1975.

Bill Pipkin, Moore, for appellee.

Forest N. Simon, and O. B. Martin, Oklahoma City, for appellants.

BRIGHTMIRE, Judge.

Here defendants make a direct attack on a "small claim" default judgment rendered against them on an agreed hearing date. The trial court awarded plaintiff $400 for what the complaining affidavit called an "illegal conversion of . . . a 1965 Pontiac . . . illegal trespass"; and an unlawful "recovery fee" charge of $100. Defendants unsuccessfully sought to vacate the judgment eight. days later by a motion which condemned it as void because it was obtained without the court receiving or hearing any evidence—a fatal irregularity. We hold the motion to vacate should have been sustained and reverse.

Our attention is called to the provisions of 12 O.S.1971 § 688 [1] relating to proof of fact requirements evoking judicial power to pronounce judgment against a party who has filed no answer. This statute has been construed by the Oklahoma Supreme Court as precluding a trial court from judgmentally assessing damages without first hearing justifying foundation proof. Atchison, Topeka & Santa Fe Ry. v. Lambert, 31 Okl. 300, 121 P. 654 (1912). This is because under § 688 and 12 O.S. 1971 § 306 [2] uncontroverted allegations of

---

1. 12 O.S.1971 § 688: "If the taking of an account, or the proof of a fact, or the assessment of damages, be necessary to enable the court to pronounce judgment upon a failure to answer, or after a decision of an issue of law the court may, with the assent of the party not in default, take the account, hear the proof, or assess the damages; or may, with the like assent, refer the same to a referee or master commissioner, or may direct the same to be ascertained or assessed by a jury. If a jury be ordered, it shall be on or after the day on which the action is set for trial."

2. 12 O.S.1971 § 306: "Every material allegation of the petition, not controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall, for the purposes of the action, be taken as true; but the allegation of new matter in the reply shall be deemed to be controverted by the adverse party, as upon direct denial or avoidance, as the case may require. A demurrer to a reply shall not be held to admit any of the facts alleged in such reply for any purpose other than to determine the sufficiency thereof. Allegations of value, or of amount of damages, shall not be considered as true, by failure to controvert them; but this shall not apply to the amount claimed in action on contract, express or implied, for the recovery of money only."

value or amount of damages stated in a petition may "not be considered" or taken as true. Cudd. v. Farmers' Exchange Bank, 76 Okl. 317, 185 P. 521 (1919). In a tort action founded on an unliquidated claim for damages, a defaulting party is deemed to have admitted only plaintiff's right to recover, so that the court is "without authority or power to enter a judgment fixing the amount of recovery in the absence of the introduction of evidence," and if it attempts to do so such judgment "is void and not merely erroneous or voidable." Tippins v. Turben, 162 Okl. 136, 19 P.2d 605 (1933). The rule obtains with regard to exemplary as well as compensatory damages according to *Tippins*.[3]

Of critical concern then is whether the default judgment in question, awarding damages on an unliquidated claim, was rendered by the court without first hearing supporting evidence. Plaintiff argues there is nothing in the record which "states, finds, or infers" no evidence or exhibits were reviewed by the court before the adjudication, and furthermore, The Small Claims Procedure Act in effect relaxes the *Tippins* doctrine by specifying that: "The hearing and disposition of such actions [small claims] shall be informal with the sole object of dispensing speedy justice between the parties." 12 O.S.1971 § 1761.

In regard to the latter matter we are satisfied the lawmakers did not intend by specifying small claim disposition with speed and informality to dispense with basic due process of law, particularily in regard to fundamental hearing requirements. And with respect to plaintiff's first contention we also disagree. The trial judge's "minute" does not suggest he received any evidence on damages and the journal entry of judgment on its face negatives the notion that he did by reciting that after defendants were thrice called in open court they were "declared to be in default and *all matters alleged in* the plaintiff's Small Claim *Affidavit are taken as true* and correct and the plaintiff is entitled to and is hereby awarded judgment in the sum of $400.00 and costs . . . ." (emphasis ours)

In our opinion the record not only fails to show compliance with the law but the journal entry actually affords a sufficient showing that it was not founded on evidence received by the court and is therefore void. Presumptions which ordinarily shield judgments from collateral attacks are not applicable here. Ex Parte Parnell, 19 Okl.Cr. 273, 200 P. 456 (1921).

The order appealed from is reversed, the default judgment is vacated, and the cause is remanded for further proceedings.

NEPTUNE, P. J., and BACON, J., concur.

---

3. For an excellent discussion of other instances where adduction of evidence is required preliminary to the rendition of a default judgment see "Taking A Judgment by Default in Oklahoma," E. Dwight Morgan, 23 Okla.L.Rev. 401 (1970).