In the Matter of the ESTATE of Lillie M. BURKHART, Deceased, Osage Allottee No. 2185.

No. 50031.

Supreme Court of Oklahoma.

March 22, 1977.

Rehearing Denied May 2, 1977.

James A. Ikard, Oklahoma City, and Ramon A. Roubideaux, Rapid City, S.D., for appellant, Lillie DeCgyne Robideaux.

Kelly & Gambill, Pawhuska, for appellants, Jo Louise Goode, individually and as Administratrix of the Estate of James David Morrell, deceased, Locowana Ingram and Fannie Mae Donelson.

Shoemake & Briggs, Pawhuska, for appellant, William Wabaunsee.

Larry Derryberry, Atty. Gen., of Oklahoma and Amalija J. Hodgins, Asst. Atty. Gen., Oklahoma City, for appellee, Oklahoma Historical Society.

BARNES, Justice:

In a probate cause final decree was entered July 16, 1976. Three petitions in error were timely filed. One of the Appellants, William Wabaunsee, filed on November 19, 1976, an application for a stay order concerning time for certification of record on appeal, essentially asserting impossibility of preparation of the record on appeal. The ensuing series of orders by this Court and responses thereto by the appealing parties other than Lillie DeCgyne Robideaux clearly demonstrates that all Appellants decline to pursue the remedies afforded by Civil Appeals Rules 1.22 or 1.23, which provide alternative methods for preparation of an appellate record. The Appellant Robideaux failed making any response. None of the Appellants has sought before the trial court an alternate record and no Appellant has sought before the trial court a new trial.

Appellate review presupposes an appellate record sufficient to enable this Court to consider the allegations of error. Impossibility of preparation of a record on appeal is by statute made a basis for seeking a new trial under Section 655 of that title. 12 O.S.1971, § 651(9).

The fact of impossibility of preparation of a record in this appeal as contemplated under Civil Appeals Rule 1.20 seems uncontroverted.

On motion by the Appellee, Oklahoma Historical Society, the three petitions in error filed in this appeal are each dismissed

for the failure by the respective Appellants and each of them to procure certification of completion of the record on appeal within the six-month interval prescribed by Civil Appeals Rule 1.26 considered in conjunction with common omission to seek preparation of an alternative record under Civil Appeals Rules 1.22 or 1.23 and common omission to seek a new trial under 12 O.S.1971, §§ 651(9) and 655.

Application for extension of time within which to secure preparation of the record is denied for the reasons set out herein, and the cause is dismissed.

All the Justices concur.