In the Matter of the ESTATE of Lillie M. BURKHART, Osage Allottee No. 2185, Deceased.

Oklahoma Historical Society and Byron B. Burkhart, Appellants,

v.

William WABAUNSEE, Fannie Mae Donelson, Jo Louise Goode, Locowana Ingram and Jo Louise Goode, Administratrix of the Estate of James David Morrell, Deceased, Appellees.

No. 51209.

Supreme Court of Oklahoma.

April 17, 1979.

Rehearing Denied May 21, 1979.

**362**

Jan Eric Cartwright, Atty. Gen. of Oklahoma, by Johnny J. Akins, Asst. Atty. Gen., Oklahoma City, for appellant Oklahoma Historical Soc.

Brewer, Worten & Robinett by Jesse J. Worten, Bartlesville, for appellant Byron B. Burkhart.

Shockley T. Shoemake, Pawhuska, for appellee William Wabaunsee.

Robert P. Kelly, Pawhuska, for appellees Fannie Mae Donelson, Jo Louise Goode, Lo-

cowana Ingram and Jo Louise Goode, Admx. of Estate of James David Morrell, Deceased.

OPALA, Justice:

The question before us is whether the Court of Appeals correctly held that an earlier opinion by this Court in *Burkhart*[1] precluded unsuccessful litigants therein from later seeking a new trial by petition pursuant to 12 O.S.1971 §§ 651(9) and 655 on the grounds of impossibility to secure appellate record.

After their appeal was dismissed in *Burkhart* for failure to complete a record within the six-months' limit,[2] appellees herein[3] petitioned the district court for § 655 relief. Their contention was that the "impossibility" the law called upon them to establish came to manifest itself when this court dismissed the appeal.[4] In order to meet the thirty-day time limit in § 655 [for seeking new trial after impossibility has arisen], appellees had filed their petition in the lower court a short time before we denied rehearing in *Burkhart*. The trial court allowed them the relief sought. On this appeal from that order granting them a new trial the Court of Appeals reversed, holding dismissal in *Burkhart* constituted an absolute bar to another trial in the cause.

Sections 651(9) and 655 provide an effective and useful mechanism a party may invoke to secure a retrial where, through no fault of his, an appellate record cannot be secured.[5] The remedy is affordable within the sound discretion of the trial court whose action will not be disturbed by

---

1. In the *Matter of the Estate of Lillie M. Burkhart, deceased, Osage Allottee No. 2185*, Okl., 562 P.2d 1151 [1977].

2. 12 O.S.1971 § 990.

3. Defeated litigants in *Burkhart*, supra note 1.

4. It is stated in *Burkhart*, supra note 1 at page 1151–1152:

   "On motion by the Appellee, Oklahoma Historical Society, the three petitions in error filed in this appeal are each dismissed for the failure by the respective Appellants and each of them to procure certification of completion of the record on appeal within the six-month interval

prescribed by Civil Appeals Rule 1.26 considered in conjunction with common omission to seek preparation of an alternative record under Civil Appeals Rules 1.22 or 1.23 and common omission to seek a new trial under 12 O.S.1971, §§ 651(9) and 655."

5. Section 651(9) provides as a ground for new trial the impossibility of making a record and § 655 provides two time limits: (a) thirty days for seeking a new trial upon discovery or occurrence of such impossibility, and (b) one-year from judgment to file the petition. Appellees met both limits.

an appellate tribunal unless it is shown to have resulted from arbitrary acts or error in resolving some unmixed question of law.[6]

The Court of Appeals did not consider here the merits of the trial court's new-trial order. Instead, it addressed itself solely to appellants' argument that our prior dismissal in *Burkhart* barred appellees from § 655 relief.

■ Section 655 relief by new trial is available to any party who, after bringing an appeal, timely discovers that either no record may be procured or the obtainable fragments of the whole will not suffice for meaningful review. Impossibility of securing a record is recognized as a ground for relief so very independent of, and collateral to, appellate review that it can be invoked in the trial court even while the appeal, though eventually doomed to failure, is still pending. This is essentially what happened in this case.[7]

■ While dismissal of an appeal can ordinarily be likened in its effect to an affirmance in the sense that trial court's judgment at once becomes enforceable, a disposition effected by such mode does not operate to make the judgment impervious to § 655 proceedings. A dismissal operates as a re-transfer of the cause to the trial court where it then stands in the same posture as if no appeal had ever been taken.[8] If entered after the maximum time for appeal has expired, the dismissal bars another appeal from the same judgment but does not preclude later litigation of issues that are collateral to the appeal that failed. In short, relief under § 655 continues to be available if failure to procure record arises after the appeal has been brought.[9]

Our opinion in *Burkhart* merely held that the appeal there failed because no record had been placed before us for review. This disposition neither reached, explored nor concluded appellees' § 655 claim to a new trial.[10]

■ We next pass to determine whether the trial court abused its discretion in granting a new trial. Appellant Oklahoma Historical Society argues the effect of our dismissal in *Burkhart* was to affirm the trial court's judgment then on review, while appellant Burkhart contends that dismissal stands as a bar to trial court's exercise of any power over its original judgment. These arguments, both aimed at defeating any relief under §§ 651(9) and 655, fail directly to address the issue of whether another trial, based on the showing made, was correctly granted.

Our review of the record indicates the trial court considered evidence of when and how it became impossible to secure appellate record and whether petition for new trial was timely filed in face of various occurrences. It also heard argument of why a narrative statement could not be compiled and serve here as an authorized substitute for a transcript of proceedings [as contemplated by Rule 1.20, 1.22 and 1.23

6. *Hillcrest Medical Center v. Wier*, Okl., 373 P.2d 45, 47 [1962]; *Nu-Pro, Inc. v. G. L. Bartlett & Co., Inc.*, Okl., 575 P.2d 620, 622 [1977].

7. In *Pleasant v. Allen Bros.*, 180 Okl. 518, 71 P.2d 114 [1937] we held that the trial court may generally entertain a new trial petition under § 655, "even though an appeal is pending in this court from the final judgment theretofore rendered in the trial court." See also *Fitzgerald v. State* 85 Okl.Cr. 409, 188 P.2d 412, 413 [1947]; *Philip Carey Co. v. Vickers*, 53 Okl. 569, 157 P. 299 [1916]; syllabus 4 in *Tippins v. Turben*, 162 Okl. 136, 19 P.2d 605 [1933].

8. *Thornburgh v. Ben Hur Coal Co.*, 203 Okl. 553, 224 P.2d 249, 250 [1950].

9. *Pleasant v. Allen Bros.*, supra note 7.

10. Since *Burkhart*, supra note 1, never dealt with the issues raised by the new trial petition it can be no bar to litigating them at a post-dismissal stage.

In *Hildebrand v. Harrison*, Okl., 325 P.2d 1071, 1074 [1958], we find an analogous situation wherein an order overruling "Amendment To Motion For A New Trial" was not res judicata of subsequent petition for new trial where record affirmatively showed that court did not consider on its merits the question of impossibility of making a case-made, which was the cause for new trial alleged, but made its determination on basis of other grounds which had been recited in motion to strike the "Amendment To Motion For A New Trial."

of Rules of Appellate Procedure in Civil Cases, 12 O.S.1971, Ch. 15, App. 2].

A statutorily-sanctioned request for new trial presents largely a matter within the trial court's discretion. Since an affirmative disposition of the request merely places the parties in the position of having to try the issues again, the argument for reversal of the trial court's order allowing relief must be stronger than where the claim of error is grounded upon refusal to grant the relief.[11] The record does not show any abuse of legal authority or transgression of allowable bounds. We cannot hence hold the trial court erred in its decision.

Opinion by Court of Appeals vacated, trial court order affirmed and cause remanded.

LAVENDER, C. J., IRWIN, V. C. J. and WILLIAMS, BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

---

11. *Horn v. Sturm,* Okl., 408 P.2d 541, 546 [1965].