Darrell R. THOMPSON, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. 94, OF GARFIELD COUNTY, Oklahoma, a/k/a Covington–Douglas School District I–94, Garfield County, Oklahoma, Appellees.

No. 81591.

Supreme Court of Oklahoma.

Dec. 13, 1994.

As Corrected Dec. 19, 1994.

Nathan R. Young, III, Tahlequah, for appellant.

Stephen Jones, Michael D. Roberts, Jones & Wyatt, Enid, for appellees.

SUMMERS, Justice.

In this case Plaintiff timely appealed from the judgment on the verdict, but was a day late in an attempt to appeal from the post-judgment order awarding attorney's fees. We must limit the issues on appeal to a challenge of the judgment on the verdict itself, and the correctness of the post-judgment order awarding attorney's fees is not before us at this time.

A jury verdict for Defendants was filed on April 16, 1993 and the Journal Entry of Judgment was filed on May 11, 1993. Plaintiff filed a petition in error in this Court on Monday, May 17, 1993. His appeal is a timely challenge to the judgment upon the verdict. 12 O.S.1991 § 990A.

On July 13, 1993 there was filed in the District Court a post-judgment order granting costs and attorney's fees to Defendants in the amount of $117,384.39. Plaintiff mailed to this Court on Friday, August 13, 1993 an amended petition in error seeking review of the post-judgment order. Defendants moved to dismiss the appeal as to the attorney's fee award.

A post-judgment order awarding attorney's fees is an appealable order. *In the Matter of K.L.F.*, 878 P.2d 1067, 1068–1069 (Okla.1994). On July 13, 1993 the ordered award for attorney's fees and costs was filed, commencing the running of time for appeal of that order. Such an appeal must be brought within thirty days of the date the order was filed in the District Court. 12 O.S.1991 § 990A; *Turner Roofing & Sheet Metal v. Stapleton*, 872 P.2d 926, 927 n. 1 (Okla.1994). Rule 1.17(a), Rules of Appellate Procedure in Civil Cases, expressly requires that an amendment to a petition in error to challenge "an order, after judgment, and granting or denying costs, interest, or attorney's fees, must be filed with this Court within thirty (30) days of the trial court order....." In this case the last day to appeal the order granting attorney's fees was Thursday, August 12, 1993. The amended petition in error was one day late, since it was mailed on Friday, August 13, 1993. We agree with Defendants that appellate review of the attorney's fee award was not timely invoked, and that award is **not** subject to our review in this appeal.

The dismissal of an appeal is usually considered as having the effect of affirming the District Court order appealed and thus giving that order the characteristic of finality. *Matter of Estate of Burkhart v. Wabaunsee*, 594 P.2d 361, 363 (Okla.1979); *Anco Mfg. & Supply Co. v. Swank*, 524 P.2d 7, 8 (Okla.1974). But when we decline to take appellate jurisdiction over a late amended petition in error attacking a post-judgment order on attorney's fees our denial of cognizance does not necessarily amount to an affirmance of that post-judgment order, or make that post-judgment order final.

In *Bullard's Oil Field Service, Inc. v. Williford Energy Company*, 839 P.2d 185 (Okla. 1992), we explained that in a prior appeal,[1] the Court had declined to review the attorney's fees issues because the judgment was reversed, and the cause remanded to the trial court. We said that:

---

1. *Bullard's Oil Field Service, Inc. v. Williford*  *Energy Company,* 775 P.2d 802 (Okla.1989).

At the end of the first appeal there was no prevailing party because neither party had an affirmative judgment. At the conclusion of the second trial, Bullard's was awarded a money judgment. At that time Bullard's became the prevailing party.

*Id.* 839 P.2d at 189, note omitted.

In other words, we did not need to separately review the attorney's fee award based upon prevailing party status, because the award was automatically vacated once the underlying judgment upon which it had been based was reversed. Consistent with this concept that prevailing party status may change during the course of litigation, we have explained that a post-judgment decision on attorney's fees lacks finality and is subject to reconsideration during an appeal. See *Cunningham v. Public Service Company of Okla.*, 834 P.2d 974, 975–976 (Okla.1992), where we explained that the finality of a trial court's decision on attorney's fees was tolled during the appeal, and the trial court had jurisdiction during an appeal to hear a second motion for attorney's fees.

We do not pass on whether the award is subject to immediate execution. If the attorney's fees and costs were based on statutory, prevailing party status,[2] the award, though unappealed, must await merits consideration of the appeal to either stand or fall depending on ultimate prevailing party determination.

This appeal shall proceed as an appeal from the judgment on the verdict as memorialized by the Journal Entry of Judgment, and shall not include any review of the post-judgment order awarding attorney's fees.

**2.** *Rout v. Crescent Public Works Authority,* 878 P.2d 1045, 1049–1050 (Okla.1994), (attorney's fees are allowed to a prevailing party when specified by statute).

**1.** *Thornburgh v. Ben Hur Coal Co.,* 203 Okl. 553, 224 P.2d 249, 250 (1950).

**2.** 12 O.S.1991 §§ 1031 *et seq.*

**3.** *See Philip Carey Co. v. Vickers,* 53 Okl. 569, 157 P. 299 (1916); syllabus 4 in *Tippins v. Turben,* 162 Okl. 136, 19 P.2d 605 (1933).

**4.** 12 O.S.1991 § 655.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON, KAUGER and WATT, JJ., concur.

SIMMS, J., concurs in judgment.

OPALA, J., concurs in part, dissents in part.

OPALA, Justice, concurring in the appeal's dismissal; dissenting from the court's comments about the dismissal's effect.

The court *dismisses* this appeal from a postjudgment counsel-fee award and *speculates* about the legal effect of its decision. I concur in the dismissal but recede from *all* gratuitous commentary on the consequences of today's action.

*Every* dismissal of an appeal operates to erase the clouded legal status of the trial court's decision tendered for corrective relief. It *always results in affirmance* in the sense that every post-dismissal mandate leaves the nisi prius action undisturbed and retransfers the cause to stand below in the same posture as if no appeal had ever been taken[1]. *But* the appellate affirmance does not *ipso facto* make the lower court's decision impervious to *any authorized* and *timely* post-mandate challenges. The § 1031[2] vacation or modification process[3], the § 655[4] delayed petitions for new trial[5], common-law postjudgment *nunc pro tunc* correction proceedings[6] as well as execution contests[7] are *but a few* examples of *attacks against which affirmance is no bar.*

In short, although today's dismissal affirms the postjudgment counsel-fee award, in a post-mandate nisi prius execution proceeding the judgment debtor may raise any legally

**5.** *Matter of Estate of Burkhart v. Wabaunsee,* Okl., 594 P.2d 361, 363 (1979) (the § 655 petition was *before* nisi prius *after dismissal* of an earlier appeal).

**6.** *Cartwright v. Atlas Chemical Industries, Inc.,* Okl., 623 P.2d 606, 608 (1981) (*nunc pro tunc* amendment of judgment entertained by nisi prius *after* an earlier affirmance).

**7.** *Timmons v. Royal Globe Ins. Co.,* Okl., 713 P.2d 589, 591 (1986) (post-mandate nisi prius execution-related contest *after* an *earlier* affirmance).

tenable objections to the creditor's quest for the award's enforcement. *Today's affirmance is no bar to any such challenges.*