RAACK, APPELLEE, *v.* BOHINC ET AL., APPELLEES; PRUDENTIAL LIFE INSURANCE CO., APPELLANT.

(No. 83AP-390—Decided December 8, 1983.)

*Carl B. Fry,* for plaintiff-appellee.
*Ronald L. Solove* and *Arnold Shaheen, Jr.,* for defendants-appellees.
*Porter, Wright, Morris & Arthur* and *Darrell R. Shepard,* for appellant.

WHITESIDE, P.J. Defendant Prudential Life Insurance Company appeals from a judgment of the Franklin County Court of Common Pleas and raises three assignments of error, as follows:

"1. The trial court erred in overruling this interpleading defendant's motion for attorney fees on the ground that the Ohio Rules of Civil Procedure make no provision for such an award.

"2. The trial court erred when it failed to rule on this interpleading defendant's motion for attorney fees by using its inherent equitable power.

"3. In an interpleader action when an innocent stakeholder is subjected to needless litigation, the trial court abuses its discretion in disallowing the stakeholder's motion for attorney fees when it bases its ruling on an erroneous legal standard."

By counts four and five of his complaint, plaintiff, Gerald Raack, sought a declaratory judgment finding him to be the beneficiary of an insurance policy issued by Prudential upon the life of plaintiff's former wife, Sharon L. Raack, who died on July 27, 1982. Plaintiff was named as beneficiary of the policy, which was issued during the marriage, which was terminated by dissolution. Defendant James Bohinc is the father and executor of the estate of Sharon Raack, and is also the alternate beneficiary under the insurance policy. The first three counts of the complaint relate to matters not affecting Prudential, which were in dispute between plaintiff and Bohinc. In his answer, Bohinc raised no defense except alleging that he was the first alternative beneficiary of the insurance policy and that plaintiff was not married to Sharon Raack at the time of her death, while admitting the correctness of the copy of a portion of the policy attached to plaintiff's complaint. Six days later, Prudential filed an answer admitting the policy and that plaintiff was primary beneficiary of the policy and Bohinc contingent beneficiary, although both had asserted claims to the policy. As a second defense, Prudential contended that the complaint did not state a claim upon which relief could be granted against it. Prudential at the same time filed a counterclaim against plaintiff and a cross-claim against Bohinc seeking authority to pay the insurance proceeds into court and to be released from further liability from either plaintiff or Bohinc, and to require them to interplead their respective claims to the money, which they had already done by their respective complaint and counterclaim. Prudential also filed a motion for what is in effect an order of interpleader and requested "an oral hearing on this motion in order to present evidence of its attorneys' fees and costs herein."

Plaintiff filed a motion for an order pursuant to Civ. R. 12(F) to strike the motion of Prudential as being procedurally improperly made and supported. A review of the record indicates that the objection to the motion was simply that the issue had been raised by the cross-claim and counterclaim as expressly provided by Civ. R. 22 and a motion was both unnecessary and improper. Further memoranda were filed and an oral hearing was scheduled. Eventually, an order was entered, indicating that plaintiff and Bohinc had entered into an agreement with respect to the insurance proceeds, and granting Prudential leave to deposit those proceeds into a special account, and holding in abeyance any decision with respect to other matters raised by Prudential's motion, namely an order of interpleader and injunction against further action of said claim, dismissal from this action, and award of attorney fees and costs. Later, the trial court entered an order denying attorney fees to Prudential, although incorrectly indicating that its motion to interplead had previously been sustained. The record reflects that no relief was granted Prudential upon either its cross-claim or counterclaim or upon its motion with respect to interpleader, although a similar result was reached through agreements of the parties by placing the funds in an escrow account. It is from this order that Prudential appeals. Neither plaintiff nor Bohinc have filed any brief in opposition and, accordingly, pursuant to App. R. 18(C), this court could "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." The only problem in this case is that appellant's brief does not sustain reversal of the order appealed from. Rather, it unqualifiedly indicates that the trial court was correct in denying attorney fees to Prudential. This is made even more clear by a review of the record.

First, Prudential is not truly an innocent stakeholder since it: (1) from the outset claimed an interest in the fund for attorney fees; (2) affirmatively contested plaintiff's claim as a beneficiary by the second defense in its answer; and (3) failed to demonstrate any other claimant than plaintiff with a colorable claim to the insurance proceeds.

While paragraph 7 of Prudential's counterclaim and cross-claim alleged there to be "doubt as to whom is entitled to the proceeds," and that it "cannot safely pay said proceeds to either of the claiming parties without the danger of possible multiple liability," the allegations of the other six paragraphs do not support this conclusion, paragraph 3 stating: "Said policy provides that the proceeds shall be paid to 'Gerald A. Raack, husband, if living, otherwise Frank J. Bohinc, father,' " which also is the language in the policy attached to the complaint and admitted by Bohinc. Neither Bohinc nor Prudential made any contention that there had been a change of beneficiary by any means whatsoever; rather, both merely noted that, prior to the death of Sharon Raack, her marriage to plaintiff had been dissolved.

Ohio law is quite clear that neither divorce nor dissolution of the marriage has any effect upon a policy of insurance where one spouse has been named as beneficiary prior to the divorce or dissolution and the designation of the beneficiary in the policy as being husband or wife of the insured is merely descriptive. *Overhiser* v. *Overhiser* (1900), 63 Ohio St. 77. *Overhiser* was followed in *Cannon* v. *Hamilton* (1963), 174 Ohio St. 268 [22 O.O.2d 331], which adopted the principle that a change of beneficiary can be effected by a separation agreement, as well as by execution of a change of beneficiary form. However, no change of beneficiary is contended here, either by separation agreement or otherwise. The separation agreement attached to the complaint does not indicate any change of bene-

ficiary. Furthermore, a former spouse of a decedent named as beneficiary by the deceased is entitled to the proceeds of an insurance policy, even though the marriage has been dissolved, and the separation agreement purports to relinquish all rights or claims of either spouse to the estate of the other. *Grelle* v. *Nationwide Life Ins. Co.* (1979), 63 Ohio App. 2d 144 [17 O.O.3d 338].

While at oral argument Prudential conceded that the law varies in other jurisdictions, it relied upon two Ohio cases to contend that attorney fees are allowed as part of costs to the stakeholder in interpleader actions. Neither case relied upon supports that position. There is no Ohio authority for allowance of attorney fees as costs in any equitable action, interpleader included. Furthermore, Prudential did not file an action in equitable interpleader but, instead, followed the procedure for what was formally called statutory interpleader pursuant to former R.C. 2309.29, and which is now Civil Rule interpleader pursuant to Civ. R. 22.

Prudential's reliance upon *Csohan* v. *United Benefit Life Ins. Co.* (App. 1964), 95 Ohio Law Abs. 315, is misplaced, not only because the decision is only unofficially reported but also because the court did not decide the issue, merely mentioning in dicta that Ohio law was like California law, which the court erroneously assumed provided for allowance of attorney fees to a stakeholder in an interpleader action. The other case relied upon is *C. K. of Hall Co.* v. *Lloyd Bros. Co.* (1897), 14 Ohio C.C. 30, which, although an equitable interpleader action, does not even mention attorney fees but expressly indicates that costs should be paid from the fund. Thus, the only Ohio support for Prudential's contention that the right to attorney fees in interpleader was a substantive right existing prior to adoption of the Rules of Civil Procedure is the dictum in the unofficially reported decision in *Csohan, supra,* which in turn was predicated upon an erroneous understanding of California law.

On the other hand, it is clear that Ohio law has long followed the American rule as to attorney fees not being included as part of the award of costs to the prevailing party in litigation, and that there is no distinction in interpleader, either for the so-called innocent stakeholder or for any other party.

Dating back at least to *Coe* v. *Columbus, Piqua & Indiana RR. Co.* (1859), 10 Ohio St. 372, the Supreme Court stated at pages 409-410:

"* * * However desirable and just it may appear, in particular cases, to charge upon the defendant, or his property, the fees of the counsel who represent the plaintiff, such is not the policy of this state. * * * We know of no rule or principle which will entitle us to deviate from that policy in this case."

And, in *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 181 [75 O.O.2d 224], the Supreme Court reaffirmed application of the American rule precluding recovery of attorney fees in the absence of statutory authorization as part of the costs of litigation, except where "the losing party has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons." Finally, in the case most recently reaffirming the American rule, it was held that raising a defense by motion to dismiss which is ultimately overruled does not in itself demonstrate bad faith. *State, ex rel. Kabatek,* v. *Stackhouse* (1983), 6 Ohio St. 3d 55.

The actions of plaintiff in objecting to interpleader, of which Prudential complains, could hardly be considered as acting in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons where the plaintiff was *prima facie* entitled to the insurance proceeds under prevailing Ohio law. Nor does the fact that plaintiff and Bohinc eventually settled the matter as between themselves demonstrate bad faith on the part of either. Assuming that Bohinc did not act in good faith in making a claim against

the insurance proceeds because of the clear Ohio law, this would not constitute bad faith justifying an award of attorney fees to Prudential, which was aware of the facts and should have known the law and, therefore, could not have been misled by Bohinc.

Prior to the adoption of the Civil Rules, and under the common law, the raising of a defense to an action brought by one of the claimants, by the party seeking interpleader contending that it was not liable to the plaintiff in that action, would preclude the assertion of interpleader. Here, Prudential raised such a defense. However, Civ. R. 22 specifically permits the raising of that defense under the circumstances, stating: "It is not ground for objection * * * that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants." The rule then states that "[a] defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim." Whether the seeking of such relief was necessary in this case is somewhat questionable, inasmuch as both claimants were already party to this action and had affirmatively sought relief from Prudential prior to the filing of its counterclaim and cross-claim. Prudential need only have followed the last portion of Civ. R. 22, which states that under these circumstances, "a party may deposit all or any part of such sum or thing with the court upon notice to every other party and leave of court." In other words, interpleader was not necessary; all that was required was that Prudential seek leave of the court to deposit the money with the court.

Even in jurisdictions which allow attorney fees in interpleader actions, such allowance frequently is not mandatory but lies within the sound discretion of the court. Even assuming that it were proper to allow attorney fees to the party seeking interpleader, there is no

abuse of discretion demonstrated in denying fees in this instance for the very reasons set forth above. Furthermore, the Ohio Supreme Court has expressly held that the Ohio rule that attorney fees are not awarded to the prevailing party in the absence of a statutory authorization is applicable to equity cases, as well as cases at law. See *New York, Chicago & St. Louis RR. Co.* v. *Grodek* (1933), 127 Ohio St. 22, the second paragraph of the syllabus which states in part:

"* * * the court, though awarding a mandatory injunction, is not authorized to include compensation for plaintiffs' attorney in damages assessed against defendant, in the absence of evidence which would warrant the allowance of punitive or exemplary damages."

While we are here involved with interpleader, rather than injunction, no reason for a different rule applies.

Accordingly, all three assignments of error are not well-taken for the reasons that attorney fees are not properly awardable. Furthermore, even if attorney fees could be awarded under some circumstances, there is no abuse of discretion in the denial in this instance. There was no error on the part of the trial court in denying attorney fees to Prudential since it is clear in Ohio law that it was not entitled to such attorney fees, they not being awarded in any type of action, including interpleader, in the absence of statutory authorization or bad faith. Here, no bad faith was demonstrated on the part of plaintiff.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

McCORMAC and NORRIS, JJ., concur.