Marie J. STANFORD, Appellee/Counter-Appellee,

v.

FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, a Foreign Corporation, Counter-Appellant/Cross-Appellee,

and

Janet F. STANFORD, Appellant.

No. 87054.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 17, 1996.

Certiorari Denied March 10, 1997.

Alvin R. Bates, Lissuzzo & Bates, Oklahoma City, for Appellant.

Michael J. Edwards, Edwards & Landers, Tulsa, for Counter–Appellant/Cross–Appellee.

Richard D. Gibbon, Richard D. Gibbon and Associates, Tulsa, for Appellee/Counter–Appellee.

## *OPINION*

BUETTNER, Judge:

In this action for the proceeds of a life insurance policy, Appellant Janet Stanford (Janet) seeks review of the trial court's order granting summary judgment in favor of Appellee Marie Stanford (Marie). Counter–Appellant Fidelity and Guaranty Life Insurance Company (Fidelity) seeks review of that part of the trial court's order denying its Counterclaim for Interpleader and the trial court's post-judgment order awarding Marie costs and attorney fees against Fidelity. The appeals were submitted in accordance with the accelerated procedure under Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

### BACKGROUND FACTS.

Marie initiated this action against Fidelity. She alleged the right to recover the proceeds from a life insurance policy Fidelity issued to her husband, James Stanford, who died April 5, 1995. Marie further alleged that [1] on

July 1, 1992, James executed all necessary documents to have her listed as beneficiary, and that Fidelity endorsed the policy to show her as the only beneficiary, [2] all premiums had been paid, [3] she made a claim on the policy, and [4] Fidelity refused to pay the claim.

Fidelity timely filed an Answer to Marie's Petition, and a Counterclaim for Interpleader seeking to interplead Janet as a claimant for the proceeds of the policy. Fidelity admitted all allegations in Marie's Petition except that regarding refusal to pay her claim. Fidelity admitted payment had not been made because both Marie and Janet had made claims on the same life insurance proceeds. Fidelity noted Janet's claim was based on her January 8, 1987 divorce decree from James. In that decree, James was ordered to keep the policy in question in force, with Janet as the beneficiary. Fidelity averred it would pay the proceeds into court upon the court's order, and that the court should then determine who was entitled to the proceeds. Fidelity also asked that it be discharged from the action and allowed costs and attorney fees.

Marie opposed interpleader, asserting Fidelity admitted all facts material to her claim, and arguing that nothing alleged in the Counterclaim for Interpleader would change Fidelity's contractual obligation under the insurance policy. Marie filed an accompanying motion for summary judgment based on the same arguments.

Janet answered Fidelity's counterclaim, denying Marie was properly named as beneficiary or that Marie had any interest in the policy proceeds. Janet did not object to Fidelity paying the proceeds into court by interpleader, but denied Fidelity should be entitled to costs and attorney fees.

Janet also filed a motion for summary judgment. She asserted James lacked the right to effectively change beneficiaries because of his legal obligation under the divorce decree to keep her as beneficiary, and that such obligation was properly imposed in that it was part of a property settlement agreement. Janet argued the court must impose a constructive trust over the proceeds to ensure proper distribution.

Fidelity responded to both motions for summary judgment, admitting payment of the insurance proceeds was due, but asked the trial court to deny both motions and order it to pay the proceeds into court because of possible double liability. Marie replied that she was entitled to summary judgment because Fidelity admitted the material facts, and the divorce decree provision under which Janet made her claim to the insurance proceeds was void. Marie argued the provision was void because it was effectively an order for support alimony which was not reducible to a definite fixed sum.

Marie also responded to Janet's motion for summary judgment. Marie first moved to strike Janet's motion on the ground that the court had not ruled there was a proper interpleader, and had not otherwise permitted Janet to become a party to the action. Alternatively, Marie asserted that Janet's motion should be denied because the insurance provision in the divorce decree was beyond the court's authority, and was not, contrary to Janet's contention, part of a property settlement. Janet replied that the divorce decree was final, and that the insurance provision should continue to be binding as an agreement between the parties to the divorce.

The trial court ruled on all motions in one order. The court granted Marie's motion for summary judgment, denied Fidelity's request for interpleader, and denied Janet's motion for summary judgment. The trial court specifically found its rulings extinguished Janet's claim against Fidelity, and entered judgment in favor of Marie and against Fidelity for the amount of the insurance proceeds. Janet filed her Petition in Error seeking review of this order and Fidelity filed a Counter–Petition in Error.

When it issued its ruling on the parties' respective motions, the court reserved the questions of entitlement to and amount of attorney fees and costs "to be determined upon application." Upon her application, the trial court found Marie was entitled to costs and attorney fees from Fidelity as the prevailing party in an action on an insurance contract. Fidelity filed an amended Coun-

ter–Petition in Error alleging error in the award of costs and attorney fees.

## DENIAL OF INTERPLEADER

■ We find that the trial court erroneously denied Fidelity's motion for interpleader. As a result, other issues raised by the parties will have to await further proceedings in the trial court.

■ A defendant exposed to multiple liability may interplead the claimants in a counterclaim, and may join additional parties pursuant to 12 O.S.1991 § 2020. The pleadings reflect Fidelity had received claims on the same insurance proceeds from both Marie and Janet, and both had arguable positions. Fidelity could pay one only at risk of being found liable to the other. Interpleader was authorized under § 2022. The party added to defend Fidelity's counterclaim, Janet, did not object to the interpleader. Nor did Marie present any legitimate grounds for dismissing Fidelity's counterclaim. A life insurer, acting in good faith, has the right to interplead whenever it is faced with competing claims and the threat of multiple liability, regardless of its opinion as to the merits of the conflicting claims. *Macek v. Swift & Company Employers Benefit Assn.,* 203 Kan. 581, 455 P.2d 521, 527 (1969). As a result, the trial court erred in dismissing Fidelity's counterclaim.

Section 2022(C) provides in part:

Where the party seeking relief by way of interpleader claims no interest in the subject of the action and the subject of the action has been deposited with the court or with a person designated by the court, the court should discharge him from the action and from liability as to the claims of the other parties to the action with costs and, in the discretion of the court, a reasonable attorney fee.

■ Because § 2022 mirrors Fed.Rule Civ.Proc. 22, we may look to interpretations of the Federal Rule for guidance. Interpleader is remedial in nature and interpleader statutes are to be liberally construed. *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 533, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1967). In *Tashire,* the Court noted that interpleader was designed to avoid the unfairness of a "race to judgment" which would result if an insurance company simply had to wait for the first claimant with a judgment to take all the proceeds to the exclusion of later, valid claims. *Id.* Therefore we find, if the basic circumstantial requirements of § 2022 are met, interpleader should be granted, and the stakeholder should be released from further liability.[1]

■ After the insurer has paid into the Court the full amount payable under the policy, and asserts no claim to the proceeds, it is entitled to be discharged from the action. *Connecticut General Life Insurance Co. v. Thomas,* 910 F.Supp. 297, 300 (S.D.Tex.1995). Indeed, interpleader has been found to be properly *denied* only in certain limited situations. *See Mutual Life Insurance Co. v. Bohart,* 743 F.2d 313 (5th Cir.1984) (interpleader petition by insurer barred by laches only if three factors of laches met); *Raack v. Bohinc,* 17 Ohio App.3d 15, 477 N.E.2d 1155 (1983) (interpleader not proper where insurer was not truly an innocent stakeholder because it had claimed an interest in the fund, contested claims made, and failed to demonstrate there were multiple claimants); *Robel Construction, supra* note 1 (abuse of discretion to deny interpleader where stakeholder's delay in seeking to interplead fund was reasonable). The express purpose of interpleader is to avoid multiple litigation; accordingly, interpleader "advances the interests of wise judicial administration and should be fur-

---

1. Although the Court in the instant case apparently based its decision on its determination of which of the claimants was entitled to the insurance proceeds, this determination was premature. The trial court's first task in a case such as this is not to inquire into the *merits* of the claims asserted, but simply to determine whether such claims are "frivolous and collusive." *United States National Bank in Johnstown v. Robel Con-*

struction, Inc., 333 Pa.Super. 605, 482 A.2d 1037, 1039 (1984). The implication then is that interpleader involves two phases, the first of which *requires the determination whether inter*pleader is proper (i.e. an innocent stakeholder and multiple claimants); only later, in the second phase is the Court faced with addressing the validity of claimants' positions. *See Waggoner v. Johnston,* 408 P.2d 761, 765 (Okla.1965).

thered whenever possible." *Zellen v. Second New Haven Bank,* 454 F.Supp. 1359 (D.C.Conn.1978).

It is within the discretion of the court whether to require the stakeholder to bring the funds held into court. *Percival Construction Co. v. Miller & Miller Auctioneers, Inc.,* 532 F.2d 166 (10th Cir.1976). However, as established above, interpleader is strongly favored. Here, Fidelity admitted the life insurance proceeds were due, but accurately alleged that there were competing claims. Fidelity disclaimed any interest in the proceeds. Under the facts of this case, it was an abuse of the trial court's discretion to "deny" or dismiss the interpleader counterclaim. The trial court's order with respect to Fidelity's interpleader is reversed. The trial court is directed on remand to enter an order granting Fidelity's request for interpleader. Further, pursuant to 12 O.S.1991 § 2022, the trial court shall allow Fidelity to pay the proceeds of the insurance policy into court, and thereafter Fidelity shall be discharged from the action.

The trial court's denial of interpleader fatally affected all subsequent proceedings. After the stakeholder is discharged, the litigation is between the competing claimants. A trial court cannot deny interpleader and at the same time dispose of the interpleaded party's claims. The dissent would vacate the judgment entered in favor of Marie Stanford against Fidelity and substitute a judgment in favor of Marie Stanford against Janet Stanford. There is no authority for an appellate court to enter judgment against an interpleaded party where the trial court denied interpleader. Those portions of the trial court's judgment denying Fidelity's request for interpleader and entering judgment against Fidelity are REVERSED. The remainder of the trial court's judgment is VACATED, as is the award of attorney fees and costs against Fidelity. *Thompson v. Independent School District No. 94,* 886 P.2d 996, 998 (Okla.1994). This case is REMANDED to the trial court for further proceedings.

HANSEN, P.J., dissents with separate opinion.

JOPLIN, J., concurs.

HANSEN, Presiding Judge, dissenting.

I strongly dissent to the majority's gratuitous granting of Fidelity's Petition for Rehearing of this Court's opinion previously issued. Not only does the majority's new opinion change nothing in respect to the relief granted Fidelity in the original opinion, it completely emasculates the orderly course of appellate procedure. In addition, it does not even touch on the merits of Janet's appeal.

The majority misuses the vehicle of rehearing to grant relief which is not only improper, but for which *no request* is before this Court.[1] In its Petition for Rehearing, Fidelity asks *only* that [1] "The judgment of the trial court against F & G Life should be vacated" and [2] "The award of the trial court of post-judgment attorney fees should be heard by this Court". *No other party asked for rehearing.* The majority goes well beyond Fidelity's requests to hold, contrary to the holding of the initial opinion, that the *entirety* of the trial court proceedings are a nullity.

Fidelity was not entitled to *any* relief on its Petition for Rehearing. In support of its first contention in that petition, as stated above, Fidelity notes this Court's initial opinion directed the trial court to allow Fidelity to pay the proceeds of the controverted insurance policy into court and then to discharge Fidelity from the action. Fidelity, however, goes on to assert "this Court also affirmed the trial court's judgment in favor of Marie Stanford and against [Fidelity]". That assertion is patently incorrect. The initial opinion held, in the clearest language:

> Those portions of the trial court's judgment denying Fidelity's request for interpleader and *entering judgment against Fidelity* are REVERSED. (Italics added).

The foregoing language regarding the judgment against Fidelity is unambiguous and in no need of clarification. I can only

---

1. The appellate courts of this jurisdiction do not have the authority given the trial courts, by 12 O.S. Supp.1994 § 1031.1, to correct, open, modify or vacate a judgment on their own initiative.

surmise Fidelity did not carefully read the initial opinion before it submitted the foregoing request for relief on rehearing.

While the majority did not substantively and directly address Fidelity's second proposition in its Petition for Rehearing, the majority did effectively grant Fidelity relief from the trial court's attorney fees award by vacating the award. The majority should not do implicitly what is explicitly unsupportable. Fidelity was not entitled to appellate relief from the attorney fees award because its Amended Counter–Petition in Error addressing that issue was not timely filed. This is fatal to consideration by this Court. As held in the initial opinion, that question is disposed of by the Supreme Court's holding in *Thompson v. Independent School District No. 94*, 886 P.2d 996 (Okl.1994).

Additionally, the initial opinion directed the parties' attention to *Thompson* for the effect on an attorney fees award based on prevailing party status in circumstances such as found in this case. *Thompson*, at 998, holds that where an appellate court refuses to take cognizance of a post-judgment decision on attorney fees and costs, "the award, . . ., must await merits consideration of the appeal to stand or fall depending on ultimate prevailing party determination".

When the judgment against Fidelity was reversed in the initial opinion, Marie was no longer the prevailing party as to Fidelity, and the attorney fees award fell, as a matter of law. Fidelity was not entitled to have its attorney fees arguments considered by this Court because of untimeliness, but it further suffered no harm by this Court's refusal to consider that issue. For both reasons, Fidelity was not entitled to relief on rehearing with respect to the attorney fees award, and that proposition could not provide a basis for the majority's decision to grant rehearing.

No party has asked *this* Court to grant the relief the majority grants. The majority, in almost the identical language used in the initial opinion, first reverses the trial court's order with respect to Fidelity's interpleader.

In that respect, the majority adds *nothing* to the initial opinion other than unnecessary additional legal authority.[2] The majority then, however, finds the trial court's denial of interpleader *fatally affected all subsequent proceedings*. The majority cites no legal authority which supports that result, and *no party has propounded that proposition.*

I see no reason why this single error of the trial court should vitiate the entire proceedings. An interpleader action involves two successive litigations—the first between the plaintiff in interpleader and the defendants as to whether the defendants shall interplead, and the second between the different defendants in interpleader on the conflicting claims. *Turman Oil Co. v. Lathrop*, 8 F.Supp. 870 (N.D.Okla.1934). Most desirably, the trial court will recognize the merit of an interpleader petition at a point in the litigation where the process may be properly bifurcated. Nonetheless, I find no authority that absolutely precludes the trial court from considering both the interpleader and the conflicting claims at the same time. That is what the trial court did in the present case. The trial court's reversible error was in not first determining Fidelity could interplead Marie and Jane, with the concomitant discharge of Fidelity.

All the issues between the conflicting claims were properly framed just as they would have been if the trial court had first followed the correct interpleader procedure. The conflicting parties were allowed to present their motions for summary judgment and to fully respond to the respective motions. While I agree with the majority's view that the trial court abused its discretion by not allowing Fidelity to interplead, as we held in the first opinion, this Court is not compelled to remand, and no useful purpose will be served by remanding the conflicting claims to the trial court to try a second time.

The trial court, after affording the conflicting claimants full opportunity to present their cases, made its decision. This Court, in the initial opinion, determined that the trial

2. I note from the Petition for Rehearing and Marie Stanford's response to that petition that the trial court has already entered an Order of Interpleader, Fidelity has paid the controverted funds into court and Fidelity has filed a motion in the trial court to exonerate its supersedeas bond.

court, on the record before it, did not err in deciding who was entitled to the funds in controversy. There is no reason to believe the trial court will, *sua sponte*, come to a different conclusion if the conflicting claims are remanded to it. Therefore, in the interest of judicial economy, not to mention the litigants' loss of time and expense, this Court should deny Fidelity's Petition for Rehearing and allow the matter to proceed as it was initially decided. See, *21st Century Investment Co. v. Pine,* 734 P.2d 834 (Okla.App. 1986).