2000 OK CIV APP 55

**TULSA JUNIOR COLLEGE, an agency of the State of Oklahoma, Plaintiff/Appellee,**

v.

**URBAN DESIGN GROUP, INC., a Colorado corporation; Lowry and Hemphill Construction Company, Inc., an Oklahoma corporation; Standard Testing and Engineering Company, an Oklahoma corporation; Pier Drillers, Inc., an Oklahoma corporation; Mid–Continent Casualty Company, an Oklahoma corporation; Wallace Engineering–Structural Consultants, Inc. an Oklahoma corporation, Defendants, Odyssey Re (London) Limited, Garnishee/Appellant.**

No. 93,332.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 24, 2000

Certiorari Denied April 4, 2000.

C. Michael Copeland, Tulsa, Oklahoma, For Plaintiff/Appellee.

David B. Donchin, Oklahoma City, Oklahoma, For Defendant/Appellant.

### OPINION

HANSEN, Vice-Chief Judge:

¶ 1 Garnishee/Appellant, Odyssey Re (London) Limited ("Odyssey"), seeks review of the trial court's order holding Odyssey's amended garnishment answer ineffectual, de-

nying its application to interplead, and granting judgment to Plaintiff/Appellee, Tulsa Community College[1] ("TCC"), for $798,740.00 on the garnishment. TCC served a garnishment affidavit on Odyssey to collect on its judgment against Standard Testing and Engineering Company ("Standard"). Odyssey answered on November 16, 1998, stating, "That of a 1 million dollar policy $201,260.00 has been paid and $798,740.00 remains. However, the amount continues to decline by the legal fees and costs incurred in the defense of this matter." On January 11, 1999, Odyssey filed an amended answer, stating,

The previous answer indicated that the amount or balance of the policy declined based on the fees and cost submitted. At this time, Garnishee believes a balance of $764,497.05 remains. Of that amount, Garnishee believes it has obligations under the policy in approximate amounts [sic] of $100,000.00, which would include attorneys fees, costs and other claims of the judgment creditors, specifically Urban Design Group, Inc., Lowry & Hemphill Construction Co., Inc., Pierdrillers, Inc., Mid–Continent Casualty Co., and Wallace Engineering Structural Consultants, Inc., whose counsel are listed below. Thus, Garnishee request [sic] this court, pursuant to section 1184 of Title 12, to issue an order determining the rights and priorities of all parties herein.

¶2 On the same day, Odyssey filed an application for interpleader alleging it was Standard's insurer and "had a policy in effect for the loss in question." It alleged, "[t]he policy was a $1 million policy related to liability which also, by its terms, declined or deteriorated based on the amount of costs and fees incurred in connection with the defense of this action." Odyssey also alleged the claims of Standard and those listed in its amended garnishment answer exceeded the amount of the policy. It sought to have the trial court approve a distribution of the remaining funds and release it from all obligations under the policy.

¶3 TCC objected to the interpleader and moved for judgment on the original garnishment answer. Odyssey responded. After

hearing oral argument, the trial court ruled (1) Odyssey's first garnishment answer stated it held $798,740.00 for Standard, but Odyssey failed to enclose a check for that amount as required by the statutes, (2) Odyssey attempted to amend its answer to reduce the amount held and to name additional claimants, but the amended answer was filed more than 20 days after the date of the original answer, (3) Odyssey should not be allowed to file an amended answer, reduce the amount originally stated as owed to TCC, or interplead the funds, and (4) Odyssey owed TCC $798,740.00 plus interest at 10% per annum from November 12, 1998 until paid, less credits for amounts previously paid by Odyssey. It ruled Odyssey's amended garnishment answer ineffectual, denied Odyssey's application to interplead, and granted judgment to TCC on the original garnishment answer.

¶4 Odyssey appeals, contending the trial court erred in (1) granting judgment on the garnishment, and (2) refusing to allow Odyssey to amend its answer or interplead the remainder of its policy limits. We will address the second contention of error first because our decision on that issue impacts the first issue.

I

¶5 Odyssey argues the trial court had discretion to allow it to amend its answer but abused that discretion in refusing to allow that amendment and granting judgment based on its original answer. TCC responds the trial court properly refused to allow the amendment because it was filed without leave of court 50 days after the deadline for answering. It asserts allowing the amendment would have allowed the garnishee to deplete a judgment creditor's property subsequent to service of a garnishment summons.

¶6 Permitting a party to amend garnishment pleadings or file them out of time "is a matter to be decided in the exercise of the Trial Court's discretion, and which acts, this Court will not disturb absent a

1. Formerly Tulsa Junior College.

showing of abuse of that discretion resulting in prejudice to the opponent." *Farmers Exchange Bank of Antlers v. Dennis*, 1987 OK CIV APP 21, 735 P.2d 587, 588. However, leave to amend must be given freely when justice requires. 12 O.S.Supp.1993 § 2015(A). The trial court abuses its discretion if leave to amend is refused without any justifying reason, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment." *Prough v. Edinger, Inc.*, 1993 OK 130, 862 P.2d 71, 76, (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

¶ 7 No justifying reason exists for the refusal to allow the amendment in the instant case. The asserted prejudice, that the amendment would allow the garnishee to deplete the garnished fund, goes to the merits of the garnishee's defense. Only if the trial court rules in favor of the garnishee on the merits is its liability to the garnishor reduced. TCC has shown no prejudice to its ability to put on its case resulting from amendment. Therefore, the trial court abused its discretion in refusing to allow Odyssey to amend its garnishment answer.

¶ 8 In light of the amended answer, the trial court erred in denying Odyssey's application for interpleader. Interpleader may be "properly denied only in certain limited situations," such as when the insurer is not an innocent stakeholder because it claims an interest in the fund, it fails to demonstrate multiple claimants, or it unreasonably delays interpleading the funds. *Stanford v. Fidelity and Guar. Life Ins. Co.*, 1996 OK CIV APP 156, 936 P.2d 352, 355. Here, Odyssey met the basic circumstantial requirements of the interpleader statute, 12 O.S.1991 § 2022, and TCC failed to show any grounds for denying interpleader. Therefore, the trial court's order denying Odyssey's application for interpleader must be reversed.

## II

¶ 9 Odyssey contends the trial court erred in granting judgment on the garnishment.

Because we held in Part I the trial court improperly refused to allow Odyssey to amend its answer and interplead the funds, we will consider Odyssey's amended pleadings in reviewing the trial court's judgment on the garnishment. Odyssey argues it did not admit in its original answer that it had any property belonging to Standard, but instead, followed 12 O.S.Supp.1995 § 1173.3(E)(1) and (2) in setting forth the circumstances for the trial court to determine the applicability of the policy and the amount of the remaining limits available for garnishment. It argues it did not pay or deliver any money to the garnishor because it held no property "belonging to or owed to" Standard as provided by 12 O.S.Supp.1995 § 1173.3(E). TCC argues Odyssey's position is inconsistent with its admission in its application for interpleader that its policy insured Standard against the loss in question. TCC maintains Odyssey admitted liability on the garnishment and identified the exact amount of funds remaining on the policy.

¶ 10 In *Culie v. Arnett*, 1988 OK 134, 765 P.2d 1203, 1205–1206 (footnotes omitted), the Court stated:

In a garnishment proceeding the judgment creditor stands in the shoes of the judgment debtor to enforce a liability owed to the latter by a third party—the garnishee. The former may claim no greater rights against the garnishee than the latter himself possesses. A debt subject to garnishment must be owing absolutely at the time the summons is served upon the garnishee.

. . .

An insurer's liability to its insured can be neither created nor enlarged in a garnishment proceeding.

The garnishee's debt need not be presently payable, but it must be absolutely owed to the defendant in order for it to be reached by garnishment. *Helms v. State*, 137 Okla. 55, 280 P. 416, 417 (1929). The garnishee is not required to pay or deliver the money if it is not presently payable to the defendant. 12 O.S.1991 § 1186. While service of the garnishment summons serves to create a lien in

favor of the garnishor on the funds reachable by garnishment, it creates no such interest in the amount not due to the insured under the insurance contract. 12 O.S.Supp.1995 § 1173.3(F).

¶ 11 An insurer's liability to the insured is defined by the insurance contract. Odyssey's garnishment answer and application for interpleader set forth the defense that at least a portion of the garnished fund is not owed to the defendant because under the insurance contract the amount of coverage is reduced by defense costs. It raised issues as to whether the fund is presently due and payable to the insured, and therefore whether the fund was reachable by garnishment. Odyssey is entitled to trial on these issues. The trial court improperly granted judgment to TCC.

¶ 12 For the foregoing reasons, the trial court's judgment is **REVERSED** and this matter is **REMANDED** for trial.

¶ 13 ADAMS, J., and JOPLIN, J., concur.