OPINION
Plaintiff-appellant, Scottsdale Insurance Company ("Scottsdale"), appeals from three Butler County Court of Common Pleas judgment entries filed in an interpleader/declaratory judgment action. This action determined the amount of coverage provided by an insurance contract to defendant-appellees, Bunker Hill Haven Trust ("Bunker Hill"), James Justin Brock, the estate of Lucas Kincaid, and Glenn E. Bailey. This case has a complicated procedural history, which has become even more complex since Scottsdale's original attempt to file an appeal with this court in April 1998. For the reasons set forth below, we find that this appeal is untimely and must be dismissed.
Bunker Hill is a home for juvenile boys who are abused, neglected, dependent, or have been adjudicated as nonviolent delinquents. Bunker Hill was insured by Scottsdale in 1995, when two unfortunate accidents occurred. While in the care of Bunker Hill, Brock was seriously injured when he dove off a bridge into a shallow creek, and Kincaid was killed in an incident involving an overflow drain on the premises. Subsequently, Brock filed a personal injury lawsuit against Bunker Hill and its director, Bailey. Also, the estate of Kincaid filed a wrongful death and survivorship lawsuit against Bunker Hill and Bailey.
Scottsdale filed for interpleader, stating its intention to deposit $1,000,000 with the court for disbursement. Scottsdale claimed that it owed Bunker Hill $1,000,000 for coverage under the insurance policy. Scottsdale named Bunker Hill, Brock, the estate of Kincaid, and Bailey as defendants to the interpleader action.
Bunker Hill, Brock, and the estate of Kincaid counterclaimed for declaratory judgment, stating the amount of coverage under the insurance contract exceeded $1,000,000. These counterclaims contained requests for reasonable attorney fees, costs, and other litigation expenses for the interpleader/declaratory judgment action. Bunker Hill also filed cross-claims against Brock and the estate of Kincaid, in which Bunker Hill claimed that it was a charitable trust, and, as such, was immune from liability and not liable for any award of damages exceeding those covered by the insurance policy. The issue of coverage under the insurance contract was addressed and decided in three separate judgment entries filed by the trial court.
On March 3, 1998, the trial court issued a judgment entry, which was stamped "Final Appealable Order," and stated the following:
 The Court finds, in the Brock and Kincaid cases, that the Scottsdale policy indemnifies Bunker Hill in the amount of $1,000,000 under the General Aggregate Limit set forth in the supplemental declarations and in the case of Justin Brock, for an additional $1,000,000 under the Products/Completed Operations Aggregate Limit. The Court further finds that the per occurrence aggregate set forth in the declarations page limits the indemnification to $1,000,000 for each accident.
In this judgment entry, the trial court also addressed Bunker Hill's counterclaims and found that the doctrine of charitable immunity did not protect Bunker Hill from Brock and the estate of Kincaid's tort claims.
On April 3, 1998, Scottsdale filed a notice of appeal of the March 3, 1998 judgment entry with this court. This appeal was dismissed as untimely for failure to file the notice of appeal within thirty days of the judgment entry. Scottsdale appealed our dismissal of this appeal to the Supreme Court of Ohio.
On September 21, 1998, Bunker Hill, Brock, and the estate of Kincaid filed a joint motion for attorney fees, costs and prejudgment interest. Scottsdale filed a memorandum in opposition to this joint motion. Scottsdale also filed a motion for clarification of the trial court's March 3, 1998 judgment entry and a motion to stay the proceedings pending the supreme court's ruling on Scottsdale's appeal. The estate of Kincaid filed a memorandum in opposition to Scottsdale's memorandum in opposition. The estate of Kincaid also filed a memorandum in opposition to Scottsdale's motion for clarification and motion for stay.
On November 4, 1998, the supreme court denied certiorari with respect to Scottsdale's April 3, 1998 appeal.
On December 10, 1998, the trial court filed an entry entitled "Entry Clarifying Language in Judgment Entry of March 3, 1998." This entry quoted the above paragraph from the March 3, 1998 judgment and stated the following:
 By way of further clarification, this paragraph shall be interpreted as follows: The per occurrence limit of "Bodily Injury and Property Damage Liability" insurance under coverage A of the policy is one million dollars per occurrence. (Footnote omitted.) The Products Completed Operations liability coverage is included in coverage A,. [sic] (Footnote omitted.) Even though Brock qualifies for coverage under both the General aggregate limit and the completed operations limit, the claim is nevertheless limited by the per occurrence limitation of payments as set forth in Section III of the policy. (Footnote omitted.) The definition of occurrence is set forth in Section VI (footnote omitted), "Occurrence means an accident." The Brock and Kincaid accidents are each one occurrence or accident, and each is subject to the one million dollar per occurrence/accident limitation under coverage A. In other words, the maximum amount of plaintiff's liability coverage is one million dollars for the Brock accident and one million dollars for the Kincaid accident. (Emphasis sic.)
Also on December 10, 1998, the trial court filed an entry denying Scottsdale's motion for a stay of the proceedings. This entry addressed the motions for prejudgment interest and attorney fees filed by Bunker Hill, Brock, and the estate of Kincaid. The trial court denied the motion for prejudgment interest, noting that this was an impossible request in this case, where there was no money due and payable under the trial court's decision. The trial court also denied the motions for attorney fees.
On December 29, 1998, Bunker Hill filed a motion in the trial court to reconsider the December 10, 1998 judgment entry. Scottsdale filed a motion in opposition to Bunker Hill's motion and filed a cross-motion for reconsideration. On January 7, 1999, the trial court held a hearing on the motions for reconsideration.
On January 8, 1999, the trial court filed an entry entitled "Amended Judgment Entry." In this entry, the trial court attempted to clarify its two prior entries and then stated that "[t]he Court now revisits those findings and exercises its prerogative to change its mind." The trial court concluded with the following:
 The court realizes it is changing it's [sic] decision set forth in both the March 3 Judgement entry and the December 10, 1998 clarification entry. However, the court does find the provisions of the policy are ambiguous and therefore must be construed in favor of the insured.
 Therefore, it is the decision of the court that defendant's [sic] Brock and Kincaid are each covered by the general aggregate limit of one million dollars per occurrence and in the case of Brock, an additional one million dollars is available for indemnification under the products-completed operations aggregate limit provision. This means that Brock and Kincaid would share in the one million dollars general aggregate limit for their injuries and/or death. Bunker Hill would have an additional one million dollars available for indemnification under the completed-products operations aggregate limit.
Scottsdale filed a notice of appeal to this court on January 11, 1999. Scottsdale appeals from the March 3, 1998 judgment entry, the December 10, 1998 judgment entry, and the January 8, 1999 judgment entry. Scottsdale raises three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN ENTERTAINING A MOTION FOR RECONSIDERATION SUBSEQUENT TO ENTRY OF A FINAL APPEALABLE ORDER ON DECEMBER 10, 1998, AND IN ENTERING AN AMENDED JUDGMENT ENTRY ON JANUARY 8, 1999 REVERSING ITS ORDER OF APPLICABILITY OF THE EACH OCCURRENCE LIMIT CONTAINED IN THE POLICY TO ALL COVERAGE OF EACH UNDERLYING CLAIM ENTERED ON MARCH 3, 1998.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN RULING MORE THAN $1 MILLION OF COVERAGE AVAILABLE WITH REGARD TO THE UNDERLYING CLAIM BROUGHT BY JAMES JUSTIN BROCK.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN RULING MORE THAN $1 MILLION OF COVERAGE AVAILABLE WITH REGARD TO BOTH UNDERLYING CLAIMS IN COMBINATION.
We shall not discuss the merits of Scottsdale's assignments of error that address the issue of coverage under the insurance contract because this appeal is untimely and must be dismissed.
App.R. 4 establishes a thirty-day deadline for filing a notice of appeal. The Supreme Court of Ohio has held that App.R. 4 provides the exclusive list of reasons for extending the time to file a notice of appeal. Bond v. Airway Dev. Corp. (1978),54 Ohio St.2d 363, 365, citing Kauder v. Kauder (1974), 38 Ohio St.2d 265. Neither a trial court nor the parties may toll the deadline to file an appeal outside App.R. 4. See Kertes Ent., Inc. v.Orange Village Planning (1990), 68 Ohio App.3d 48, 49; Rose v.Rose (1970), 23 Ohio App.2d 201, 202. Moreover, the court of appeals may not enlarge or reduce the time for filing a notice of appeal. App.R. 14(B).
The first judgment entry, which was filed by the trial court on March 3, 1998, was the final appealable order from which Scottsdale was required to appeal. This judgment entry resolved the issue of coverage under the insurance contract between all of the parties. Scottsdale's appeal of this entry was dismissed as untimely, and the Supreme Court of Ohio denied certiorari of this case.
Scottsdale argues that because the March 3, 1998 judgment entry failed to determine any award for attorney fees and did not include the language "no just reason for delay," it was not a final appealable order. Scottsdale argues that there was no final appealable order until December 10, 1998, when the trial court filed an entry that addressed the issue of attorney fees.
Attorney fees are not allowed in an interpleader action absent statutory authorization or a showing of bad faith of a party. Raack v. Bohinc (1983), 17 Ohio App.3d 15, 18. Attorney fees in declaratory judgment actions are also discretionary. In a declaratory judgment action filed by an insured, attorney fees may be awarded only if there is statutory authorization, a showing of bad faith of a party, or an insurer wrongfully refuses to defend an insured in a negligence action. Motorists Mut. Ins. v.Brandenburg (1995), 72 Ohio St.3d 157, 158-159, citing Vance v.Roedersheimer (1992), 64 Ohio St.3d 552, 556 and Motorists Mut.Ins. Co. v. Trainor (1973), 33 Ohio St.2d 41. In such declaratory judgment actions, attorney fees are to be awarded only if "necessary and proper." Brandenburg at 160; R.C. 2721.09.
Scottsdale's complaint for interpleader did not raise the issue of attorney fees. Scottsdale does not raise the issue of attorney fees in this appeal, nor did it raise this issue in its attempted April 1998 appeal. Bunker Hill prayed for reasonable attorney fees in its counterclaim for declaratory judgment. Also, Brock and the estate of Kincaid prayed for costs, attorney fees, and prejudgment interest in their counterclaims for declaratory judgment. Bunker Hill briefed the issue of attorney fees in a supplemental pretrial brief and Scottsdale responded to this issue in its pretrial brief.
Although the parties made legal arguments regarding attorney fees, they presented no evidence on this issue. Therefore, this issue was not properly before the trial court when its March 3, 1998 judgment entry was filed. The March 3, 1998 judgment entry was a final appealable order because it resolved all the issues that were properly raised by the parties and properly before the trial court.
More than six months later, on September 21, 1998, Bunker Hill, Brock, and the estate of Lucas Kincaid filed a joint motion for attorney fees, costs, and prejudgment interest. The trial court denied this motion. The trial court retained the right to address the issue of attorney fees raised after a final appealable order was issued. See Kane v. Ford Motor Co. (1984), 17 Ohio App.3d 111,116; Laituri v. Nero (Jan. 4, 1999), Lake App. Nos. 97-L-083, 97-L-155, unreported.
The December 10, 1998 judgment entry filed by the trial court in response to Scottsdale's motion for clarification did not extend Scottsdale's time to appeal. This court has ruled that motions to clarify are, in effect, motions to reconsider, from which no appeal may be taken. In the Matter of: The Estate ofMarion R. Lilley (Dec. 20, 1999), Warren App. No. CA99-07-083, CA99-07-084, CA99-08-087, CA99-08-088, unreported; State v.Creamer (July 8, 1999), Fayette App. No. CA99-04-011, unreported. See, also, Ditmars v. Ditmars (1984), 16 Ohio App.3d 174, 175-176;Marinos v. Henxel (Aug. 14, 1992), Portage App. No. 91-P-2376, unreported.
Also, the January 8, 1999 judgment entry filed in response to motions for reconsideration did not extend the time for appeal. The Supreme Court of Ohio has held that a motion for reconsideration filed with a trial court is "a nullity" and "a legal fiction" which does not toll the time for filing a notice of appeal. State ex rel. Pendell v. Adams Cty. Bd. of Elections
(1988), 40 Ohio St.3d 58, 60, citing Pitts v. Dept. ofTransportation (1981), 67 Ohio St.2d 378, 379-381. "Indeed, any judgment or final order that results from such a motion [for reconsideration] is a nullity itself." Id., citing Pitts at 381.
A trial court may arguably "exercise its prerogative to change its mind" pursuant to Civ.R. 60(B)(5). "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66. In the case sub judice, no party filed a Civ.R. 60(B)(5) motion, nor put forth evidence or additional operative facts to show reason justifying relief from judgment. See Civ.R. 60(B)(5). Rather, the parties, in their motions for reconsideration, merely briefed their legal theories of how to interpret the insurance policy once again. Even though this court looks at the substance of a motion and not the caption, this particular motion does not qualify as a Civ.R. 60(B)(5) motion. Therefore, the January 8, 1999 judgment entry was the product of a motion for reconsideration rather than a proper Civ.R. 60(B)(5) motion and is not legally valid. See Pendell at 60, citing Pitts
at 381.
Scottsdale attempted to appeal the March 3, 1998 judgment entry on April 3, 1998. This judgment entry was a final appealable order, and the appeal from this judgment was untimely and was dismissed by this court. The trial court's clarification and subsequent unauthorized reconsideration of the issue of coverage under the insurance contract did not toll or extend the time for filing a notice of appeal.
Accordingly, this appeal is dismissed. Because the trial court retained jurisdiction to make a clarification of its original entry, the clarification entry is legally valid. Therefore, the parties are instructed to follow the order of the trial court as originally stated in the March 3, 1998 judgment entry and as clarified in the December 10, 1998 judgment entry.
YOUNG, P.J., and WALSH, J., concur.