MIDFIRST BANK v. POE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MIDFIRST BANK v. POE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MIDFIRST BANK v. POE
2020 OK CIV APP 63
Case Number: 117615; Cons. w/118056
Decided: 10/23/2020
Mandate Issued: 12/02/2020
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2020 OK CIV APP 63, __ P.3d __

 


MIDFIRST BANK, Plaintiff/Appellee,
v.
JENIFER ANN POE, Defendant/Appellant,

ALICE J. POE, personal representative of the estate of Jerry Daniel Poe, Deceased, Defendant.
APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA
HONORABLE MARY FITZGERALD, JUDGE
REVERSED AND REMANDED
Jessie V. Pilgrim, Clint T. Swanson, SWANSON LAW FIRM, PLLC, Tulsa, Oklahoma, for Defendant/Appellant,
Robert P. Skeith, RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, Tulsa, Oklahoma, for Plaintiff/Appellee.
B.J. Goree, Judge:
¶1 MidFirst Bank (Bank) filed a petition to interplead funds. It alleged it could be exposed to double liability with respect to $32,830.44 which it held on deposit and to which it claimed no interest. Bank named two defendants, Jenifer Ann Poe (Poe) and Alice J. Poe, personal representative of the Estate of Jerry Daniel Poe. The interpleader was granted before Poe had notice and an opportunity to be heard. We hold this was a denial of due process of law.
¶2 On the same day the petition was filed, the district court signed an order directing Bank to deposit the funds with the court clerk. The order was filed a few days later. Afterward, and in due time, Poe filed her answer and an amended answer. She denied Personal Representative was asserting a claim, she denied Bank may be exposed to double liability with respect to the funds, and she asserted Bank failed to state a claim. Poe raised affirmative defenses that Bank had acted in bad faith and with unclean hands, and she asserted a counterclaim that Bank was liable for conversion.
¶3 Poe filed an application requesting a hearing on her affirmative defenses and a motion to vacate the order directing deposit of the funds, arguing it was entered without notice and before she had an opportunity to object. Bank responded that the answers of the two defendants present opposing claims to the subject funds, thereby supporting its claim that it could be exposed to the potential for double liability. Bank explained that it merely tendered a proposed order to the district court when it filed its petition, and the fact that the order was filed without advance notice to Poe is of no legal consequence under the circumstances. Reiterating that it claimed no interest in the money, and that it was properly within the safekeeping of the court pending disputes between the two defendants, Bank asked the court to dismiss Poe's counterclaims and discharge it from the action.
¶4 The court (1) granted Bank's motion to dismiss Poe's counterclaims, (2) ordered Bank released and discharged from any and all liability to Defendants, and (3) ordered an attorney fee to be paid to Bank from the deposited funds in an amount to be determined in a future proceeding. By a separate order, the court awarded Bank $9,476.50 for attorney fees and $733.49 for costs. Poe appealed.
[1]
¶5 In a proceeding commenced pursuant to 12 O.S. §2022, the district court's order directing a pleader to deposit the subject of the action into court is reviewed for an abuse of discretion. Farmers Ins. Co. v. VanWinkle, 2018 OK CIV APP 40, ¶3, 417 P.3d 1262, 1264 (holding that interpleader proceedings are equitable in nature and are reviewed for an abuse of discretion). Review may encompass a claim of legal error or lack of an evidentiary basis, and both implicate the de novo standard. Id.
¶6 Oklahoma's interpleader statute provides that a party potentially exposed to double or multiple liability for wrongful payment may tender the claimed property into court for a decision on the priority of claims. Shebester v. Triple Crown Insurers, 1992 OK 20, ¶22, 826 P.2d 603, 611. According to Title 12 O.S. §2022(A), persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. "When the party seeking such relief claims no interest in the subject of the action, and it has been deposited with the court, the court should discharge the pleader from the action and from liability as to the claims of the other parties." §2022(C).[2] Bank's argument suggests that this language makes no provision for objection, affirmative defense, or counterclaims. If the party seeking relief claims no interest in the funds and they have been deposited with the court, then "the court should discharge the pleader" both from the action and from liability for claims of the other parties.
¶7 Although actions in interpleader are part of the Oklahoma Pleading Code,
[3] its applicability is subject to an exception "where a statute specifies a different procedure." §2001. We must consider whether the Legislature intended by the language of §2022(C) to dispense with a defendant's right to file an answer and permit the court to order relief instanter after the petitioner states a claim.
¶8 Long before its codification at §2022, an action in interpleader was within the inherent power of the court. Waggoner v. Johnston, 1965 OK 192, ¶8, 408 P.2d 761, 765. The court had the initial task of determining whether interpleader was proper. Id. If so, the petitioner was to be discharged and the case advanced to a second stage where the validity of the competing claims to the fund would be determined on the merits. See Stanford v. Stanford, 1996 OK CIV APP 156, ¶13, 936 P.2d 352, 355. Interpleader actions involve "two successive litigations: one between the plaintiff and the defendants as to whether the defendants shall interplead; the other between the different defendants on the conflicting claims." Turman Oil Company v. Lathrop, 8 F.Supp. 870, 872 (N.D. Okla. 1934).
¶9 The party seeking relief under 12 O.S. §2022 may state a claim for relief by setting forth a short and plain statement of the claim showing it is entitled to relief and a demand for judgment. 12 O.S. §2008(A). We hold opposing parties must be afforded a right to state their defenses in accordance with 12 O.S. §2008(B). Section §2022(C) does not specify a procedure that eliminates a non-movant's right to object.
¶10 The U.S. Const. amend. XIV, § 1 and Okla. Const. Art. 2, § 7 ensure that no person may be deprived of life, liberty, or property without due process of law. At a minimum, due process requires notice and a meaningful opportunity to appear and be heard. Crownover v. Keel, 2015 OK 35, ¶14, 357 P.3d 470, 474. The right to be heard is the core element of due process. Booth v. McKnight, 2003 OK 49, ¶18, 70 P.3d 855, 862.
¶11 Because the court entered an order partially granting the relief requested by Bank, without the opportunity for Defendant Poe to assert and be heard on her defenses, the Order Interpleading Funds must be reversed. It necessarily follows that the court's orders dismissing Poe's counterclaims, dismissing Bank, and awarding attorney fees and costs must also be reversed. The latter have no viability in the absence of an enforceable order granting interpleader. Stanford, ¶16 (denial of interpleader fatally affected all subsequent proceedings).
¶12 On remand, the court must accord all parties due process and make a determination of whether Bank may be exposed to double or multiple liability and whether Bank claims an interest in the subject of the action. If these two basic requirements are met, interpleader proceedings may proceed. Stanford, ¶13.
¶13 The orders filed September 5, 2018, November 30, 2018, and June 4, 2019 are reversed and the case is remanded for further proceedings.
¶14 REVERSED AND REMANDED.
BELL, P.J., and BUETTNER, J., concur.
FOOTNOTES
[1] Poe filed two appeals arising from separate orders filed in the same case. We entered an order consolidating Case No. 117,615 and Case No. 118,056. After considering the parties' supplemental briefs in aid of our inquiry into appellate jurisdiction, we conclude the orders are interlocutory orders appealable by right because they direct the payment of money pendente lite pursuant to 12 O.S. §993(A)(5) and in accordance with Hammonds v. Osteopathic Hospital Founders Association, 1996 OK 54, 917 P.2d 6. The order filed September 5, 2019, directed Bank to deposit $32,830.44 into the court registry. The order filed November 30, 2018, decreed that an attorney fee and costs are to be paid from the deposited funds. The order filed June 4, 2019, awarded $9,476.50 for the attorney fee and $733.49 for costs. None of these orders is a final order because Poe has pending undetermined claims against the personal representative and the district court neither certified the orders as immediately appealable pursuant to 12 O.S. §952(b)(3) nor expressly stated there is no just cause for delaying the entry of a final judgment pursuant to 12 O.S. §994.
[2] Title 12 O.S. 2011 §2022 provides, in part:
A. Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this section supplement and do not in any way limit the joinder of parties permitted in Section 20 [Title 12 O.S. 2011 §2020] of this act. 
. . .
C. . . . . Where the party seeking relief by way of interpleader claims no interest in the subject of the action and the subject of the action has been deposited with the court or with a person designated by the court, the court should discharge him from the action and from liability as to the claims of the other parties to the action with costs and, in the discretion of the court, a reasonable attorney fee.
. . .
[3] "Scope of the Oklahoma Pleading Code - The Oklahoma Pleading Code governs the procedure in the district courts of Oklahoma in all suits of a civil nature whether cognizable as cases at law or in equity except where a statute specifies a different procedure. It shall be construed to secure the just, speedy, and inexpensive determination of every action. The provisions of Sections 1 through 2027 of this title may be cited as the 'Oklahoma Pleading Code'. Section captions are part of this act." 12 O.S. §2001.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2018 OK CIV APP 40, 417 P.3d 1262, FARMERS INSURANCE CO. v. VANWINKLE
Discussed
 1996 OK CIV APP 156, 936 P.2d 352, 68 OBJ 1202, STANFORD v. STANFORD
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 20, 826 P.2d 603, 63 OBJ 450, Shebester v. Triple Crown Insurers
Discussed
 1965 OK 192, 408 P.2d 761, WAGGONER v. JOHNSTON
Discussed
 2003 OK 49, 70 P.3d 855, BOOTH v. McKNIGHT
Discussed
 1996 OK 54, 917 P.2d 6, 67 OBJ 1430, Hammonds v. Osteopathic Hosp. Founders Assn.
Discussed
 2015 OK 35, 357 P.3d 470, CROWNOVER v. KEEL
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2020, Permissive Joinder of Parties
Cited
 12 O.S. 952, Jurisdiction of Supreme Court
Cited
 12 O.S. 993, Appeals from Certain Interlocutory Orders - Undertaking
Cited
 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
 12 O.S. 2001, Scope of the Oklahoma Pleading Code
Cited
 12 O.S. 2008, General Rules of Pleading
Discussed
 12 O.S. 2022, Interpleader
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA